## *In re* LAVACS' ESTATE

1. WILLS—STATUTES—ADMISSION TO PROBATE—PETITION.
   A petition to admit a will to probate must contain the names and addresses of all heirs, devisees and legatees of the deceased if known (MCLA § 702.21).

2. WILLS—STATUTE—ADMISSION TO PROBATE—NOTICE.
   Notice of proceedings to probate a will, evidenced by affidavit, must be given by the proponent of the will to each of the devisees and legatees named in the will (CL 1948, § 702.29).

3. WILLS—ADMISSION TO PROBATE—NOTICE OF HEARING—FORMAL NOTICE—ACTUAL NOTICE.
   Finding of trial court that although plaintiff did not receive formal notice of a probate hearing on a will in which she was a devisee, she had received actual notice because she was notified of a hearing on another will made by the deceased which was part of the same proceeding, and was present and

REFERENCES FOR POINTS IN HEADNOTES

[1] 57 Am Jur, Wills § 841.
[2, 3] 57 Am Jur, Wills § 836 *et seq.*
[4, 5] 5 Am Jur 2d, Appeal and Error § 843,

represented by counsel at the hearing, *held*, unsubstantiated by the record where it is indicated that plaintiff could not read, write, or speak English well and that she was not represented by counsel at the hearing.

4. TRIAL—STATEMENT OF FACT—ERROR.
   Trial court's finding that plaintiff was present in court, with assistance of counsel, at a hearing on a motion for summary judgment in a will contest *held* not supported by the record where it is unsubstantiated that plaintiff had counsel at the time of the hearing and there is nothing in the record, save the trial court's unsubstantiated observation, to indicate that plaintiff was present.

5. APPEAL AND ERROR—INSUFFICIENT RECORD—REMAND.
   Appeal from refusal of trial court to vacate a summary judgment must be remanded for additional findings by the trial court where findings by trial court that plaintiff had appeared before it previously and that notice of the proceedings at which the summary judgment was granted was given plaintiff are unsubstantiated by the record.

Appeal from Genesee, Elza H. Papp, J. Submitted Division 2 February 12, 1969, at Detroit. (Docket No. 5,157.) Decided March 25, 1969.

Motion by Irma Veres to set aside a summary judgment in a will contest declaring a will in which she was a devisee to be void. Motion denied. Plaintiff appeals. Reversed and remanded.

*Robert P. Dank,* for plaintiff.

*Frederick E. Salim,* for defendant.

BEFORE: FITZGERALD, P. J., and R. B. BURNS and BRONSON, JJ.

FITZGERALD, P. J. On October 2, 1965, being aware of his impending death, Joseph Lavacs summoned Mrs. Kempf to his hospital bedside where he dic-

tated notes to her with the intention of making a will, intending also to revoke a previous will made in 1952. Mrs. Juanna Waskowicz was in the hospital room when the decedent signed the will, but she then went down the hall to a small vestibule where she later signed a blank piece of paper as a witness to the will at the request of Mrs. Kempf. Mr. Lavacs died shortly thereafter.

Plaintiff-appellant Irma Veres had resided in the home of the decedent for a year before his death, during which time she was employed as his housekeeper. She cannot speak, write or read much of the English language. She was named as a devisee in the 1965 will. Her 11-year-old son, Timmy, also was to take under the will. However, *her* name and address did not appear on the petition to admit the will to probate, though Timmy's did.[1] Following extended probate court proceedings and a certification of a will contest to circuit court, an order granting summary judgment was entered by the Genesee county circuit court dated October 31, 1966, declaring the 1965 will to be void. Considerable proceedings had taken place in probate court without statutory notice being given to plaintiff.[2] The forces behind the successful movement toward summary judgment against the 1965 will were persons with interests adverse to those of plaintiff and in favor of intestacy. Her motion to set aside the summary judgment was denied on December 6, 1967, and she appeals, seeking reversal of the summary judgment and resubmission of the will to probate.

Plaintiff proposed that the probate court was without jurisdiction of the estate because she was not

---

[1] MCLA § 702.21 (Stat Ann 1969 Cum Supp § 27.3178[91]) requires that such a petition contain the names and addresses of all the heirs, devisees, and legatees of the deceased, if known.

[2] CL 1948, § 702.29 (Stat Ann 1962 Rev § 27.3178[99]) requires that notice, evidenced by affidavit, be given by the proponent of the will to each of the devisees and legatees named in the will.

given proper notice of the proceedings concerning the 1965 will as required by statute. The estate admitted that her name was not on the petition for admission of the 1965 will, but claimed that although formal notice was not given plaintiff, she did have actual notice of the proceedings. They refer to the list of interested parties entitled to a notice of hearing on the 1952 will, where plaintiff's name did appear, and allege that since she was informed of that hearing she was also inferentially informed of the hearing on the 1965 will, both wills being part of the same proceeding to dispose of the estate of the decedent.

The trial court agreed, finding additionally that when the petitions for probate of both wills were filed, plaintiff was represented by counsel; that she appeared at the hearing in the circuit court on the motion for summary judgment; that English translation was available to her through an interpreter; that she waited too long after receiving notice before raising an objection to the sale of a portion of the estate which she would have taken under the 1965 will (laches), and that her petition was insufficient for failure to state why the 1965 will should be held valid.

In his affidavit to the circuit court, found in the record on this appeal, the original counsel for plaintiff stated that he was not retained by plaintiff until January 4, 1966. The petition for probate and notice of hearing on the 1952 will was filed in October, 1965; the petition and notice for the 1965 will in November, 1965.

The trial court erred in finding that plaintiff had representation of counsel at that time. From January, 1966, until the cessation of the employment of counsel in April, 1966, the record reveals no appearances made on behalf of plaintiff by that attorney

in the probate court on any matters concerning the will. His concern was with the interests of Timmy Veres. Counsel then decided that, to avoid a conflict of interest on competing claims against the estate, he would continue to represent the heirs of the decedent while severing connections with plaintiff and Timmy. He then was counsel in the appeal of both wills to the circuit court in June, 1966. There is no evidence from the record that plaintiff was ever again represented by counsel until her special appearance in circuit court to set aside the October, 1966 summary judgment was filed in November, 1967, by counsel for this appeal.

There is no record before this Court of the attendance of the plaintiff at any hearing on the motion for summary judgment in October, 1966, save the statement in the order of the court, unsupported by evidence. The record and the affidavit of counsel referred to above raise the possible conclusion that she was not represented by counsel at that time. When these factors are taken together with the observations that she cannot speak, write or read much of the English language, and that she admittedly did not receive notice of the proceedings relating to the 1965 will, then the finding of the court that she did *attend* the hearing becomes subject to critical examination.

This Court does not overrule findings of fact by the trial court unless the record does not justify such findings[3] and unless such findings are clearly erroneous.[4] Clearly, the findings as to the repre-

---

[3] *Jones* v. *Eastern Michigan Motorbuses* (1939), 287 Mich 619.

[4] *Hughson* v. *O'Reilly* (1967), 7 Mich App 324: "A finding is 'clearly erroneous' when * * * the reviewing court * * * is left with the definite and firm conviction that a mistake has been committed", citing *United States* v. *United States Gypsum Co.* (1948), 333 US 364 (68 S Ct 525, 92 L Ed 746); *Coffee Rich, Inc.,* v. *Department of Agriculture* (1965), 1 Mich App 225; *King* v. *Partridge* (1968), 9 Mich App 540. GCR 1963, 517.1 and 810(2).

sentation of plaintiff by counsel in the probate proceedings are erroneous and must here be overruled. As this finding appears to be the sole basis for the determination by the trial court that plaintiff was given actual or implied notice of the *probate* proceedings, we must hold that the plaintiff did *not* have such notice.

Evidence beyond the instant record must have persuaded the trial court to find that the plaintiff appeared before the circuit court on hearings on the summary judgment. Accordingly, we shall remand this case to the circuit court for a factual finding based on testimony or court records that plaintiff did appear at the hearings on the motion for summary judgment in October, 1966.[5]

The question of laches, being dependent on whether notice was given to plaintiff at a considerable time prior to the filing of her appearance, abides the outcome of these factual findings.

A similar disposal awaits the issue of the sufficiency of the petition to file a special appearance. If plaintiff *had* submitted to the jurisdiction of the court at summary judgment hearing in October 1966, then her argument that she could not attack the findings that the will was invalid because she had not so submitted herself, would, of course, be moot.

Reversed and remanded. No costs, neither party having prevailed in full.

All concurred.

---

[5] Unless determinations of fact issues are sustainable by testimony fairly and reasonably construed, and by competent evidence, then the findings are subject to critical review by the appellate court and probable reversal as being erroneous. 2 Michigan Law & Practice, Appeal, § 383; *Fister* v. *Henschel* (1967), 7 Mich App 590; *In Re Petition of Carson* (1961), 362 Mich 409; *Shaw* v. *Wiegartz* (1965), 1 Mich App 271.