BRADY v. MICHIGAN CONSOLIDATED GAS COMPANY

NEGLIGENCE—NONJURY TRIAL—APPEAL AND ERROR.

Finding that the plaintiff, injured when the ground she was walking on collapsed, failed to prove that her injuries were caused by the defendant's digging a hole, failing to restore the ground, and failing to make the area safe for use was clearly mistaken and mandated reversal and a new trial where there was testimony that the defendant had been digging in the area of the accident for about a week several weeks before the accident, the plaintiff's witnesses were uncertain whether the digging occurred at the place where the plaintiff was injured or at a short distance away, and where the trial judge's finding was based on the conclusion that the plaintiff had failed to prove that the defendant had dug at the precise spot where the accident occurred; however, because the defendant presented only proofs on damages, the cause was remanded for a new trial.

Appeal from Wayne, George T. Martin, J. Submitted Division 1 November 12, 1970, at Detroit. (Docket No. 8331.) Decided March 23, 1971. Leave to appeal denied May 20, 1971, 384 Mich 842.

Complaint by Joanne Brady against the Michigan Consolidated Gas Company for damages for personal injury. Judgment of no cause of action for

REFERENCES FOR POINTS IN HEADNOTES

5 Am Jur 2d, Appeal and Error § 839 et seq.
39 Am Jur 2d, Highways, Streets, and Bridges §§ 364, 482, 496.
38 Am Jur, Negligence § 130.
53 Am Jur, Trial § 1148.
Liability of landowner for injury to or death of child caused by cave-in or landslide. 28 ALR2d 195.

defendant.   Plaintiff appeals.   Reversed and remanded.

*John Cozart, Jr.,* for plaintiff.

*Dyer, Meek, Ruegsegger & Bullard* (by *Richard J. McClear*), for defendant.

Before: V. J. BRENNAN, P. J., and LEVIN and PETERSON,[*] JJ.

LEVIN, J.   Plaintiff, Joanne Brady, stepped out of an automobile onto ground which appeared to her to be solid, but was, in fact, faulty.   She sank into a hole up to her chest.

There was testimony that the defendant gas company had been digging in the area for about a week several weeks before the accident, but the witnesses were uncertain whether the digging occurred at the place where the plaintiff suffered her injuries or at a short distance, less than 50 feet, from it.   The trial judge, who sat without a jury, found that the plaintiff did not preponderate, not because he disbelieved the testimony of the plaintiff's witnesses, but because he concluded that the plaintiff had failed to prove that the defendant had dug at the precise spot where the accident happened.

We are left with the definite and firm conviction that the judge made a mistake in finding that the plaintiff failed to prove that her injuries were caused by the negligence of the defendant in digging and not restoring the ground and in failing to make the area again reasonably safe for use.[1]

---

[*] Circuit judge, sitting on the Court of Appeals by assignment.

[1] GCR 1963, 517.1; 2 Honigman and Hawkins, Michigan Court Rules Annotated (2d ed), pp 596, 597, authors' comments.
We observed in *Humphrey* v. *Swan* (1968), 14 Mich App 683, 686:

In the light of the entire record we do not wish to preclude the defendant, who offered no proofs on liability, only on damages, from controverting plaintiff's claim, and, accordingly, we do not confine the inquiry on remand to the amount of plaintiff's damages.

Reversed and remanded for a new trial. Costs to abide the event.

All concurred.

---

"Appellate courts traditionally exercise a broader review of judges' decisions than of jury verdicts.

" 'A jury's verdict-view of facts is entitled to an even higher degree of appellate respect than is a judge's verdict-view of the same facts, learned though the judge may be in law. For reasons known well to students of American history, a finding of fact by "the twelvers" is more apt to be sound than that of one man.' *Schneider* v. *Pomerville* (1957), 348 Mich 49, 54."