FRALEY v CITY OF FLINT

1. EVIDENCE—WITNESSES—EXPERT WITNESSES—OVERLAPPING TESTI-
MONY—AUTOMOBILES.

Testimony of three eyewitnesses to an automobile accident and
that of an expert witness did not impermissibly overlap where
the eyewitnesses by their testimony showed the accident was
caused by inadequate notice to a truck driver of a traffic light
change, while the expert's testimony concerned the question
whether the traffic light cycle could reasonably be judged to
provide adequate notice of light changes to truck drivers;
neither the expert nor the eyewitnesses invaded the other's
area of expertise.

2. HIGHWAYS—GOVERNMENTAL AGENCIES—DUTY—STANDARD OF CARE.

Governmental agencies having jurisdiction over highways have a
duty to maintain and design them with reasonable care.

3. HIGHWAYS—TRAFFIC SIGNALS—AMBER LIGHT INTERVALS—REASONA-
BLENESS—STATUTES—MUNICIPAL CORPORATIONS—IMMUNITY.

A defendant municipality was not immune from tort liability for
the alleged improper timing of a traffic control signal merely
because the cycle fell within the recommended range of amber
light intervals found in a statute and in the Michigan Manual
on Uniform Traffic Control Devices; the range of recommended
cycles is too broad to allow mere compliance with it to be
deemed reasonable without regard to the peculiarity of the
intersection involved (MCLA 257.610).

4. HIGHWAYS—DEFECTIVE DESIGN—MUNICIPAL CORPORATIONS—LIABIL-
ITY.

A municipality is liable for flagrant defects in the design of its
highways.

REFERENCES FOR POINTS IN HEADNOTES

[1] 31 Am Jur 2d, Expert and Opinion Evidence §§ 34, 39–41.
[2] 39 Am Jur 2d, Highways, Streets, and Bridges §§ 113, 371, 372,
1703 et seq.
[3] 39 Am Jur 2d, Highways, Streets, and Bridges §§ 407, 492.
[4] 39 Am Jur 2d, Highways, Streets, and Bridges §§ 64, 71–74, 105–
109, 347, 348.
[5] 39 Am Jur 2d, Highways, Streets, and Bridges §§ 340, 357, 371,
579.

5. HIGHWAYS—DEFECTIVE DESIGN—FLAGRANT DEFECT—EVIDENCE—
MUNICIPAL CORPORATIONS.

A jury properly found a flagrant defect in a highway intersection designed by a municipality as if it were used exclusively by automobiles where about 3,000 trucks passed through the intersection each day because statutes recognize, and expert testimony showed, that it takes more time and space to 'stop a truck than it does to stop a car (MCLA 257.627, 257.705).

Appeal from Genesee, Donald R. Freeman, J. Submitted Division 2 June 5, 1974, at Lansing. (Docket No. 14208.) Decided August 12, 1974.

Complaint by Billie J. Fraley against the City of Flint for damages for wrongful death resulting from an automobile accident. Judgment for plaintiff. Defendant appeals. Affirmed.

*Robert A. Grimes,* for plaintiff.

*Patrick H. Hynes,* City Attorney *(Keil & King,* of counsel), for defendant.

Before: McGREGOR, P. J., and R. B. BURNS and O'HARA,* JJ.

R. B. BURNS, J. Plaintiff's decedent, James Fraley, Jr., was involved in an automobile-truck accident at the intersection of Pierson and Clio Roads in the City of Flint. Fraley was killed in the accident. At the time of the collision, Fraley was driving north on Clio Road. As his automobile entered the intersection on a green light, it was struck broadside by a tractor-trailer truck being driven east on Pierson Road. The light had just turned green as Fraley entered the intersection.
Plaintiff brought this wrongful death action

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

against the truck driver, his employer, and the defendant. Plaintiff's claims against the driver and his employer were settled out of court. The gravamen of plaintiff's complaint is that the defendant negligently failed to establish adequate traffic light intervals at the intersection so as to permit east-west truck traffic on Pierson Road to clear the intersection before the Clio Road traffic signal turned green. Judgment was for plaintiff; defendant appeals.

Defendant alleges two grounds for appeal. Its first contention is that the trial court erred when it admitted the testimony of plaintiff's expert witness into evidence. Defendant reasons that since there were three eyewitnesses to the accident there was no need for the testimony of plaintiff's expert. Therefore, its admission is claimed to be contrary to the rulings of *People v Zimmerman,* 385 Mich 417; 189 NW2d 259 (1971), and *O'Dowd v Linehan,* 385 Mich 491; 189 NW2d 333 (1971). We disagree.

It must be pointed out that this controversy involves two different elements of the plaintiff's case: whether the traffic light intervals were *negligently* set, and whether the accident was *caused* by the negligently set traffic light. The eyewitnesses testified that the truck approached the intersection in compliance with the speed limit, that the light changed from green to amber when the truck was 60 to 70 feet from the intersection, that the driver realized he could not stop so he attempted to proceed through the intersection, that the light changed while the truck was in the intersection or nearly into it, and that the Fraley car was, in the meantime, approaching the intersection from another direction and entered the intersection on the green light. The crash

ensued. This evidence was neither contradicted nor added to by the plaintiff's expert. While this testimony indicates the possibility of defendant's negligence, it cannot be said to adequately prove the negligent light setting that plaintiff alleged. It only bears directly on the cause.

Plaintiff's expert testified on other matters. His testimony covered the various relevant statutory regulations on truck length, braking efficiency, and weight. He discussed the average driver reaction time and the distance covered in that time. He stated the coefficient of friction of the type of pavement used at the intersection. By combining these and other factors, the expert came to the conclusion that the traffic light's cycle provided too short a notice for an average truck with an average driver to stop. Thus, the testimony of the eyewitnesses and the expert do not impermissibly overlap. The expert's testimony goes to whether the traffic light cycle could reasonably be judged to provide adequate notice of light changes to truck drivers. The eyewitnesses showed the accident was caused by that inadequate notice. Neither the expert nor the eyewitnesses could have invaded, or did invade, the other's area of expertise. The expert's testimony was needed to establish an essential element of plaintiff's case, consequently, *Zimmerman, supra,* is satisfied. Since his testimony was needed it was obviously useful as well. Plaintiff's expert was undeniably an expert; he testified on an area within his competence; and the testimony was on an area of knowledge belonging more to him than the common man, complying with *O'Dowd, supra,* and *In re Blackwell Estate,* 50 Mich App 204; 213 NW2d 201 (1973). The trial judge correctly used his discretion to allow the admission of the testimony. *Friedman v Farming-*

*ton Twp School Dist,* 40 Mich App 197; 198 NW2d 785 (1972).

The defendant's second contention is that a municipality cannot, as a matter of law, be held liable in tort for the alleged improper timing of a traffic control signal. Defendant claims that the traffic light cycle was set to fall within the recommended range of time intervals for amber lights found in statute MCLA 257.610; MSA 9.2310, and in the Michigan Manual on Uniform Traffic Control Devices. Defendant claims that so long as the cycle falls within the recommended parameters it is immune from tort liability. We disagree.

Michigan law imposes a duty upon each governmental agency having jurisdiction over highways to maintain and design them with reasonable care. *Mullins v Wayne County,* 16 Mich App 365; 168 NW2d 246(1969), *Lynes v St Joseph County Road Comm,* 29 Mich App 51; 185 NW2d 111 (1970), *Hargis v Dearborn Heights,* 34 Mich App 594; 192 NW2d 44 (1971), and *Weckler v Berrien County Road Comm,* 55 Mich App 7; 222 NW2d 9 (1974). The range of recommended cycles is too broad to allow mere compliance with it to be deemed reasonable without regard to the peculiarities of the intersection involved. The uniform traffic signal statute and manual cannot be used to shield defendant from its statutory liability. *Mullins, supra,* p 381.

A municipality is liable for flagrant defects in the design of its highways. *Mullins, supra,* and *Hargis, supra.* Defendant's own witness testified that about 3,000 trucks passed through the intersection each day. The same witness also stated that this truck traffic was not specifically figured into defendant's computations on which the traffic light cycle was based. Michigan statutes, MCLA

257.705; MSA 9.2405 and MCLA 257.627; MSA 9.2327, recognize, and plaintiff's expert's testimony shows, that it takes more time and space to stop a truck than it does to stop a car. Yet, defendant ignored this fact and designed the intersection as if it were used exclusively by automobiles. This oversight was so severe as to predispose the intersection to the kind of accident that occurred in the present case. The jury, as the trier of facts, found a flagrant defect in the intersection's design.

Affirmed.

All concurred.