TUTTLE v DEPARTMENT OF STATE HIGHWAYS

1. Courts—Court Rules—Findings of Fact—Conclusions of Law
   —Judgment—Sufficiency of Ruling.
   A court trying an action upon the facts without a jury must find
   the facts specially and state separately its conclusions of law
   thereon and direct the entry of the appropriate judgment; and
   it will be sufficient if the court in its opinion or memorandum
   decision makes brief, definite and pertinent findings and conclu-
   sions upon the contested matter without overelaboration of
   detail or particularization of facts (GCR 1963, 517.1).

2. Appeal and Error—Findings of Fact—Substituting Appellate
   Court Judgment.
   An appellate court will not substitute its judgment for that of a
   trial judge sitting as finder of fact unless the judge's decision is
   clearly erroneous.

3. Highways—Department of State Highways—Maintenance of
   Highways—Signing at Intersection—Reasonable Signing—
   Stop Signs—Warning Signs—Negligence—Courts—Find-
   ings of Fact.
   A court's finding in a negligence action, after a full adversary
   hearing, that installation by defendant Department of State
   Highways of a stop sign at an intersection and a warning stop-
   ahead sign in its proper place, was reasonable signing under
   the circumstances was not clearly erroneous where the defend-
   ant complied with the Michigan Manual of Uniform Traffic
   Control Devices, observing both the procedures for evaluating
   and installing various traffic control devices and the devices
   themselves, and there was no indication in the proofs that as of
   the time of the accident the defendant knew or reasonably
   should have known that another or different traffic control
   device would have deterred the motorist who collided with the
   plaintiff from failing to stop at the intersection.

References for Points in Headnotes
[1] 20 Am Jur 2d, Courts § 67.
[2] 5 Am Jur 2d, Appeal and Error § 727.
[3] 39 Am Jur 2d, Highways, Streets and Bridges § 400.

Appeal from the Court of Claims, Charles A. Wickens, J. Submitted Division 2 February 4, 1975, at Lansing. (Docket No. 19882.) Decided April 25, 1975. Leave to appeal granted, 394 Mich 839.

Complaint by Joel and Ramona Tuttle against the Department of State Highways for damages for injuries sustained when a motorist failed to heed an allegedly inadequate and insufficient stop signal at an intersection and collided with an automobile driven by plaintiff Joel Tuttle. Judgment for defendant. Plaintiffs appeal. Affirmed.

*Bauckham, Reed, Lang & Schaefer,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Louis J. Caruso* and *George J. Platsis,* Assistants Attorney General, for defendant.

Before: BASHARA, P. J., and R. B. BURNS and M. J. KELLY, JJ.

M. J. KELLY, J. This automobile accident occurred at a controlled intersection in Kalamazoo County. Plaintiff-husband was severely injured after collision with another motor vehicle. The auto negligence aspect of the case was disposed of and then suit was brought against the State Highway Department in the Court of Claims. After trial on the merits the trial court entered judgment of no cause for action in favor of the defendant and this appeal was taken by the plaintiffs.

At about 6 p.m. on November 29, 1970, the plaintiff-husband's Volkswagen Van was traveling east on M-43 at 40 mph toward a newly opened section of Sprinkle Road, a five-lane north/south county road. Loretta Lowe was driving a 1965

Chevrolet Station Wagon south on Sprinkle toward the intersection at approximately the same speed. Although it was dark and had been misting, each driver testified there were no visibility problems. Mrs. Lowe had her headlights on but failed to see a stop sign commanding southbound traffic on Sprinkle to stop at its intersection with M-43. She failed to stop or even decelerate at the intersection and collided with plaintiff vehicle, causing injuries to plaintiff-husband.

In separate proceedings plaintiffs instituted action against the Kalamazoo County Road Commission and the Department of State Highways, claiming that the defendants were negligent in not providing greater signalization (full traffic light or flashing-red-amber light) at the intersection at the time of the accident. The Kalamazoo County Road Commission, according to plaintiffs' brief, settled with plaintiffs after trial of the instant case in the Court of Claims.

On appeal, the claim of plaintiffs is threefold: (A), The trial judge's findings of fact do not comply with GCR 1963, 517.1; (B), The judge's opinion makes legally and factually erroneous findings which led to the decision; and, (C), The decision is against the great weight of the evidence.

# A

GCR 1963, 517.1 provides:

"In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment. It will be sufficient if the court makes brief, definite, and pertinent findings and conclusions upon the contested matters without over elaboration of detail

or particularization of facts. If an opinion or memorandum decision is filed, it will be sufficient if the findings and conclusions appear therein. The clerk shall notify the attorneys for both parties of the findings of the court. Findings of fact and conclusions of law are unnecessary on decisions of motions except as provided in sub-rule 504.2. Requests for findings are not necessary for purposes of review. No exception need be taken to any finding or decision. Findings of fact shall not be set aside unless clearly erroneous. In the application of this principle regard shall be given to the special opportunity of the trial court to judge the credibility of those witnesses who appeared before it."

We believe the trial court's three-page opinion does comply with the rule. There is little elaboration and no recitation of the evidence most favorable to plaintiffs, but the mandate of the rule is satisfied. We hold that sufficient findings and conclusions appear therein.[1]

## B & C

We treat plaintiffs' second and third claims of error together. The findings of the court and the weight of the evidence are inextricably interwoven.

This controversy revolves around the circumstances of the construction, opening and signing of a particular stretch of Sprinkle Road. Sprinkle Road is a five-lane highway 60 feet wide. The center lane is a left turn lane. It was built in sections moving northerly. The portion south of Main Street was completed by 1968 and opened for vehicular traffic. The extension north of Main Street up to G Avenue, passing M-43, was constructed and completed by November, 1970. On November 19, 1970, the extension of Sprinkle

---

[1] *See* Appendix A (Trial Court's Opinion).

Road to G Avenue was opened for public use. The accident occurred only ten days after the opening of this section for public travel.

In order to have the northern section opened, the Kalamazoo County Road Commission was required to obtain a permit from the defendant. The application for permit contained a request for "installation of an overhead two-way flashing stop (12") on Sprinkle, with flashing yellow on M-43". This portion of the application was stricken by the State Highway Department. Herein lies the crux of this controversy. Plaintiffs' position, supported by testimony of the engineers of the Kalamazoo County Road Commission, was that the stop sign at the intersection in question was inadequate; there should have been a flashing red signal. It was the State Highway Department's position that proper planning required an actual traffic count after the road was opened to determine the feasibility of signals or other signing. This position was of course supported by the testimony of the defendant's engineers and employees.

Extensive evidence was offered relative to: determination and posting of speed limits, traffic counts, traffic control devices, and various other factors bearing on the issue of safe and reasonable design, construction, and maintenance of Sprinkle Road at and approaching the intersection of M-43.

Plaintiffs urge that Mrs. Lowe should have been provided the benefit of a flashing-red-signal light; that the more readily visible flashing signal would have been seen and obeyed. They allege that the defendant was negligent in failing to provide such a signal because it had been requested by the county before the opening date. The state's witnesses testified it was policy to require a study, including traffic count, before authorizing a signal

and the study was conducted at M-43 and Sprinkle November 24th or 25th, just a few days before the accident. As a result of the study, signalization was in fact recommended and installed but not before plaintiff's accident.

The trial court's opinion cites the Michigan Manual of Uniform Traffic Control Devices (1963 ed), MCLA 257.608; MSA 9.2308, which was heavily relied on by defendant at trial. Plaintiffs concede that the signing was in accordance with the manual. That is, the distance from the edge of the road, the size, reflectorization, etc. of the stop-ahead signs and the stop signs, as well as their installation were in accordance with the manual. Plaintiffs urge that following the manual does not necessarily satisfy the legal duty to maintain the highways in a condition reasonably safe and fit for travel. *Carver v Detroit and Saline Plank Road Company,* 61 Mich 584; 28 NW 721 (1886), *Kowalczyk v Bailey,* 379 Mich 568; 153 NW2d 660 (1967).

We readily agree. However, we find that the trial court met the standard of *Fraley v City of Flint,* 54 Mich App 570; 221 NW2d 394 (1974), and did not allow the defendant to use Manual standards as a shield for failure to meet the "reasonableness" test.

The trial testimony thoroughly covered the decision-making process of the county engineers as well as the State authorities. They often did not agree—but even the plaintiffs' expert, Mr. Michalski, testified that the State's position was not unreasonable, given the highway department's policies. He also testified that signalizing should generally await opening, but Sprinkle and M-43 was an "exceptional case".

In order for us to accept plaintiff's premise we would have to substitute our judgment for that of

the trial court. This we may not do. We are impressed with the Kalamazoo County Road Commission employees' testimony on the factors behind its request for electric signalization (speed, traffic volume, curves, etc.) but we cannot say that the defendant's failure to act promptly and favorably on the request in advance of opening was, as a matter of law, a violation of its duty to provide a reasonably safe highway. The trial judge found, after a full adversary hearing, that the installation of a stop sign at the intersection and a warning stop-ahead sign in proper place was reasonable signing under the circumstances. We cannot say that the trial court's findings were clearly erroneous.

In *National Bank of Detroit v State Highway Department,* 51 Mich App 415, 417; 215 NW2d 599 (1974), *lv den,* 392 Mich 761 (1974), the plaintiff claimed additional signing should have been in place. There, as in the instant case, defendant complied with the requirements of the Manual, observing both the procedures for evaluating and installing various devices and the devices themselves. In upholding the trial court's opinion, this Court said:

"The reasonableness of the state's actions should be determined as of the time of the accident. The evidence showed that the state complied with the adopted manual for posting signs and also added two additional signs warning motorists not to enter upon the exit ramps. There is no indication in the proofs that additional intermediate signing would have deterred Mr. Mader from proceeding onto the exit ramp.

"We therefore conclude that the evidence fails to show that the state was negligent or a proximate cause of plaintiffs' injuries at the time and place of the accident. *Sivley v State Highway Department,* 32 Mich App 267; 189 NW2d 507 (1971). An appellate court will

not substitute its judgment for the trial judge sitting as a finder of fact, unless his decision is clearly erroneous. *Williams v Department of State Highways, supra* [44 Mich App 51; 205 NW2d 200 (1972)]."

Affirmed. No costs.

## APPENDIX A

## STATE OF MICHIGAN
## IN THE COURT OF CLAIMS

## OPINION

This lawsuit grows out of an automobile accident which took place at the intersection of Sprinkle Road with Highway M-43, in Kalamazoo County. This intersection is the intersection of a County road with a State highway and the defendant has jurisdiction over the design and maintenance of the intersection. At the time that this intersection was opened, it was opened for the convenience of the County Road Commission.

At the time that the control signs were installed, they were installed in conformity with the Michigan Manual of Uniform Control Services, which is based upon standards set by the United States Department of Commerce, Bureau of Roads. One Mrs. Lowe was traveling upon the County roadway and approached M-43, the State trunkline. Mrs. Lowe failed to stop at the intersection and proceeded out into the State highway where she and the plaintiffs' vehicle collided. Mrs. Lowe admitted her negligence by a plea in Court, as shown on the record.

It is the claim of the plaintiffs that the defendant Highway Department should have signed the intersection more cautiously than the manual provides for, and, specifically, that they should have

installed an electrical control device at the intersection when it was opened, even though the manual did not, in fact, call for the same. At the scene, plaintiff's driver was seriously injured and has recovered some $28,016.12 from the other driver's insurance company. He has, however, suffered damages growing out of this accident that are greater than this, and if the State is negligent and this negligence is a proximate cause, then the plaintiffs are entitled to further damages.

There is no doubt but what any governmental unit could design an intersection to prevent accidents like this from happening. There could even be constructed an overpass or underpass at every intersection. The test of the State's liability is not "could they have prevented this accident", but "was the course of conduct at this time and place reasonable in light of the duties placed upon it by the statute and the common law".

In designing highways, interchanges and other thoroughfares, reasonableness is determined by relative danger in relation to costs and knowledge. The standard set out in the manual referred to above is not an absolute standard. It is, in fact, only a guide. The State could have gone beyond the manual and electrified the devices at this intersection for controlling traffic. It likewise could have even gone further and built an overpass. But, had it done so, some other intersection might have not been able to even have a stop sign because of the gross amount of money spent to make this intersection absolutely safe. Everything is a question of relativity in determining reasonableness. The Court feels that even though a foolproof interchange could have been designed at this place to prevent this harm from taking place, the actions of the State were reasonable in their signing and

controlling this intersection, in light of the information and knowledge that they had at the time that they had to decide what control devices would be used. The fact that they complied with the manual is an indication as to what the standard would be, which they did, in fact, comply with. But, the Court feels further that not only was the manual complied with, but their acts at this time and place were reasonable and that they were not negligent and, therefore, the plaintiff should have no cause of action.

The fact that the County Road Commission was, in fact, an agent of the State in signing the intersection in no way changes the state's responsibility in this case, as the acts of the County were, in fact, the acts of the State. But, the State was not negligent and a judgment of no cause of action may be prepared.