UNITED LISTING SERVICE, INC v SHEPHERD

Docket No. 44086. Submitted January 15, 1980, at Lansing.—Decided April 2, 1980.

United Listing Service, Inc., brought an action against Raymond J. Shepherd and Susan L. Shepherd for a ten percent real estate commission allegedly due to the plaintiff under a listing agreement to sell the defendants' farm. The Saginaw Circuit Court, Joseph R. McDonald, J., entered a judgment in favor of the defendants. The plaintiff appeals. *Held:*

The findings of the trial court were amply supported by the evidence and they were not clearly erroneous. The evidence shows that the plaintiff knew that the property was held by the plaintiffs as tenants by the entirety. There is no evidence that Susan Shepherd signed a listing agreement with the plaintiff. The statute of frauds requires a written instrument to bind a property owner to pay a real estate commission. Her signature on a specific counter-offer is not interpreted to be a written agreement to list the property with plaintiff. The signing of the agreement by Raymond Shepherd was conditional upon the obtaining of his wife's signature; it was not Raymond Shepherd's promise to get his wife's agreement and signature when, as and if the plaintiff obtained a purchaser offering in compliance with the listing agreement.

Affirmed.

CONTRACTS — STATUTE OF FRAUDS — WRITING — REAL ESTATE COMMISSIONS — STATUTES.

The statute of frauds requires a written instrument to bind a property owner to pay a real estate commission (MCL 566.132; MSA 26.922).

*Bower & Rogers,* for plaintiff.

REFERENCES FOR POINTS IN HEADNOTES

[1] 12 Am Jur 2d, Brokers § 41 *et seq.*

73 Am Jur 2d, Statute of Frauds § 510.

Statutory necessity and sufficiency of written statement as to amount of compensation in broker's contract to procure purchase, sale, or exchange of real estate. 9 ALR2d 747.

*Dawn & Schmidt, P.C.,* for defendants.

Before: BEASLEY, P.J., and D. E. HOLBROOK, JR. and R. E. ROBINSON,* JJ.

BEASLEY, P.J. Plaintiff, a real estate broker,[1] sued defendants, husband and wife, for a ten percent real estate commission allegedly due under a listing agreement to sell defendants' 240-acre farm in Saginaw County for $265,000. In a bench trial, the trial court found no cause of action in favor of defendants. Plaintiff appeals as of right, raising two issues. We find neither of plaintiff's claims on appeal possess merit and, accordingly, we affirm for the following reasons.

Defendant, Raymond J. Shepherd, signed a listing agreement prepared by plaintiff and asserted that he told plaintiff the listing agreement would not be "legal" unless plaintiff obtained the signature of his wife, defendant Susan L. Shepherd, on the listing agreement.

Plaintiff's version was that defendant, Raymond Shepherd, told him his wife would sell. Plaintiff obtained an offer for a lesser price than listed. Defendant, Raymond Shepherd, refused to accept the offer, but when plaintiff and defendant, Raymond Shepherd, prepared a counter-offer, they were able to prevail upon Susan Shepherd to sign it, even though it was for less than the price and terms in the listing agreement. The prospective purchaser declined the counter-offer.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Suit was started by United Listing Service, Inc., apparently a Michigan corporation, owned by Robert H. Darwin, who apparently is a real estate broker. In defendants-appellees' brief, it is asserted that prior to trial, the corporate existence of United Listing Service, Inc., terminated, and that the real party in interest is Robert Darwin. Since plaintiff-appellant does not deny this allegation, we treat Robert H. Darwin as plaintiff and real party in interest.

Then, plaintiff sought another prospective purchaser, got him to make an offer allegedly similar to the rejected counter-offer by loaning this prospective purchaser part of the down payment,[2] and eventually tendered this offer to defendants. By then, defendants had decided not to sell the farm and declined to accept this offer. There were various conflicts in the testimony.[3]

The trial court made the following findings of fact:

"Plaintiff, United Listing Service, Inc., knew the property in question was held by the Defendants as tenants by the entireties.

"Defendant, Raymond J. Shepherd's signing of the listing agreement was conditioned upon Plaintiff obtaining his wife's signature.

"There was no promise on the part of the Defendant, Raymond J. Shepherd, to obtain his wife's signature on the listing agreement."

GCR 1963, 517.1 provides:

"Findings of fact shall not be set aside unless clearly erroneous. In the application of this principle regard shall be given to the special opportunity of the trial court to judge the credibility of those witnesses who appeared before it."

Ample evidence supported the trial court's findings of fact. Even applying the "finer mesh" of judicial sieve referred to in some of the cases, we are not left with a conviction that a mistake has been

---

[2] On appeal, plaintiff's counsel characterizes this phase of the counter-offer:

"In effect, he would forego a portion of his commission."

[3] *E.g.*, defendant, Susan Shepherd, flatly denies ever agreeing, orally or in writing, to list the farm with plaintiff or to pay him a real estate commission.

committed.[4] We do not find them clearly erroneous.

There is no evidence here that defendant, Susan Shepherd, signed a listing agreement with plaintiff. The statute of frauds requires a written instrument to bind a property owner to pay a real estate commission.[5] In addition, there is no evidence that defendant, Susan Shepherd, even orally agreed to list the farm or to pay a real estate commission.

Thus, we reject plaintiff's claim that defendant, Susan Shepherd, "intended" and wanted to sell the farm owned by her and her husband as tenants by the entirety; we do not find the trial court's implicit finding to the contrary to be clearly erroneous.

Plaintiff also claims that, as a matter of law, defendant, Raymond Shepherd, was bound by the listing, that it simply meant Raymond agreed to obtain his wife (Susan's) agreement and signature when, as and if plaintiff obtained a purchaser offering in compliance with the listing agreement. This contention is without merit because the trial court held as a finding of fact that the promise of defendant, Raymond Shepherd, was "conditioned" upon the obtaining of his wife's signature. As indicated, her signature was not obtained on a listing agreement. We do not interpret her signature on a specific counter-offer to be a written agreement to list the property with plaintiff for sale.

These fact findings of the trial court were not clearly erroneous. We conclude that the claims of plaintiff on appeal are without merit.

Affirmed.

---

[4] See, *Tuttle v Dep't of State Highways,* 397 Mich 44, 46; 243 NW2d 244 (1976), and *Hi-Way Motor Co v International Harvester Co,* 398 Mich 330, 339; 247 NW2d 813 (1976).

[5] MCL 566.132; MSA 26.922.