BOCCAROSSA v DEPARTMENT OF TRANSPORTATION

Docket No. 113573. Submitted January 17, 1991, at Lansing. Decided May 10, 1991; approved for publication July 11, 1991, at 9:40 A.M.

Mario Boccarossa and others brought an action in the Court of Claims against the Department of Transportation, seeking damages for injuries sustained by Mario in an automobile accident on a highway over which the department had jurisdiction. The plaintiffs alleged that the department failed to keep the highway in reasonable repair so that it was reasonably safe and convenient for public travel because it failed to designate a no-passing zone where the accident occurred. The court, Thomas L. Brown, J., found that the negligence of the other driver involved in the accident was the proximate cause of the plaintiffs' damages and that the defendant was not liable because it had complied with the numerical passing-sight distances in the Michigan Manual of Uniform Traffic Control Devices. The plaintiffs appealed.

The Court of Appeals *held:*

1. The court erred in quashing a subpoena duces tecum served on a Department of Transportation employee requiring production of records at the trial regarding changes to be made at or near the accident site, which the plaintiffs had previously attempted to obtain, but were precluded from obtaining because discovery had been closed. The end of the discovery period does not preclude the issuance of trial subpoenas, including subpoenas duces tecum, even if the records to be produced were not the subject of discovery. The error was not harmless because the records sought bore directly on the plaintiff's primary theory of liability.

2. The court erred in finding that the defendant's compliance with the Michigan Manual of Uniform Traffic Control Devices precluded liability. Compliance with the manual is a factor in

REFERENCES

Am Jur 2d, Depositions and Discovery § 366; Highways, Streets, and Bridges §§ 353, 429, 481; Witnesses §§ 14-16.

See the Index to Annotations under Discovery; Highways and Streets; Subpoena Duces Tecum; Witnesses.

determining the reasonableness of the defendant's actions, but does not shield it from liability for highway defects.

3. The finding that the other driver's negligence was the proximate cause of the plaintiffs' damages should be reviewed on remand in light of the fact that the plaintiffs may be able to establish that the area in question should have been designated a no-passing zone.

Reversed and remanded.

1. TRIAL — EVIDENCE — SUBPOENAS DUCES TECUM.

A party may subpoena another party and witnesses to secure their presence at trial or a hearing and to require them to produce records at trial; the end of the discovery period does not preclude the issuance of such a subpoena, even if the records to be produced were not the subject of discovery (MCR 2.506[A][1]).

2. HIGHWAYS — NEGLIGENCE — DEFECTS — MANUAL OF UNIFORM TRAFFIC CONTROL DEVICES.

The Department of Transportation's compliance with the Michigan Manual of Uniform Traffic Control Devices does not shield it from liability for highway defects, but may be a factor in determining the reasonableness of the department's actions.

*Thurswell, Chayet & Weiner* (by *Gerald E. Thurswell* and *Julie Griffiths*), for the plaintiffs.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, and *Brenda E. Turner* and *Mark V. Schoen,* Assistant Attorneys General, for the defendant.

Before: NEFF, P.J., and SHEPHERD and McDONALD, JJ.

PER CURIAM. Plaintiffs appeal by leave granted a judgment entered in defendant's favor following a three-day bench trial. We reverse.

Plaintiff Mario Boccarossa was seriously injured on January 22, 1985, in a head-on collision on US-127, over which defendant has jurisdiction. According to Boccarossa and other witnesses, Boccarossa was traveling north on US-127 when he was

struck by a vehicle being operated by a Mr. Mahi, as Mahi, traveling south, attempted to pass the car and truck ahead of him and lost control of his vehicle. The highway in this area was comprised of two lanes, with some long "sweeping" curves. Plaintiffs' primary allegation against defendant was that defendant failed to keep the highway in reasonable repair so that it was reasonably safe and convenient for public travel, MCL 691.1402; MSA 3.996(102), because of its failure to designate this stretch of the highway as a no-passing zone by the use of signs or yellow lines, and that this failure was a proximate cause of the accident and Mario Boccarossa's injuries. In support of this argument, plaintiffs presented expert testimony that the large volume of truck traffic on this stretch of the highway lessened the sight distance for passing, thereby making passing unsafe.

In rendering a verdict for defendant, the trial court initially found that plaintiffs did establish that defendant had notice of "a potential defect." MCL 691.1403; MSA 3.996(103). The court also found that the evidence established that drivers will ordinarily obey traffic control signals or road markings prohibiting passing. However, the court concluded that defendant was not liable because it had complied with the numerical passing-sight distances in the Michigan Manual of Uniform Traffic Control Devices, and the sight distances in this case were thus adequate, and because Mahi's negligence was the proximate cause of plaintiffs' damages.

Plaintiffs raise several issues on appeal, two of which relate to the verdict rendered in this matter. The third issue, which we will address first, is the claim that the trial court erred in quashing a subpoena duces tecum plaintiffs served on an employee of the defendant, requiring her to produce

records at trial regarding changes to be made in or near the area of US-127 where the accident occurred. Plaintiffs had previously attempted to obtain these records, but were precluded from doing so because discovery had been closed. The trial court quashed the subpoena, apparently in the belief that it was an attempt on plaintiffs' part to circumvent its prior orders.

We find that the trial court erred in quashing the trial subpoena. MCR 2.506(A)(1) permits a party to subpoena another party and witnesses not only to secure their presence at trial or a hearing but also to require them to produce records at trial. Subpoenas issued pursuant to this rule have no relation to subpoenas issued in conjunction with discovery proceedings. The end of the discovery period does not preclude the issuance of trial subpoenas, including subpoenas duces tecum, even if the records to be produced were not the subject of discovery. Consequently, the trial court did err in quashing plaintiffs' subpoena. Contrary to defendant's contention, this error was not harmless, because the records sought by plaintiffs bore directly on their primary theory of liability—that the area in question should have been designated a no-passing zone, as were other similar stretches of this highway.

We further agree with plaintiffs' argument that the trial court erred in finding that defendant's compliance with the Michigan Manual of Uniform Traffic Control Devices absolved it of liability. Both the Supreme Court and this Court have held that while such compliance is a factor in determining the reasonableness of the state's actions, it does not shield the state from liability for highway defects. *Salvati v Dep't of State Hwys,* 415 Mich 708, 715; 330 NW2d 64 (1982) (opinion by COLE-

MAN, J.); *Fraley v City of Flint,* 54 Mich App 570, 574; 221 NW2d 394 (1974).

We recognize that the trial court also found that Mahi's negligence was the proximate cause of the accident and plaintiffs' damages. However, this issue must likewise be revisited by the court. If plaintiffs are able to establish that defendant should have made the area in question a no-passing zone, there was evidence that drivers, including Mahi, would have abided by the prohibition. If Mahi had not attempted to pass the vehicles ahead of him, the accident would not have occurred.

Therefore, the judgment in favor of defendant is vacated and this matter is remanded for a new trial or, in the trial court's sound discretion, it may take additional evidence without starting anew and reevaluate the issue of defendant's alleged failure to keep the highway in reasonable repair so that it was reasonably safe and convenient for public travel and the issue of proximate cause. Plaintiffs also should be permitted to introduce the records subpoenaed from defendant. At the point in the trial when the documents are introduced, defendant may raise whatever objections it has under the rules of evidence.

Reversed and remanded.