ARNOLD v DEPARTMENT OF STATE HIGHWAYS AND
TRANSPORTATION

Docket No. 30881. Submitted April 10, 1978, at Lansing.—Decided
June 7, 1978.

Carliss Arnold brought suit against the Michigan Department of
State Highways and Transportation for damages for injuries
sustained when the automobile in which he was a passenger
vaulted an expressway median and collided with oncoming
traffic. The Court of Claims, Wade Van Valkenburg, J., entered
a judgment of no cause of action for the defendant. Plaintiff
appeals. *Held:*

The state may be held liable for its failure to keep a highway
under its jurisdiction in a condition reasonably safe and fit for
travel. However, in a case alleging negligent design, the defect
must be shown to be flagrant. The question of whether a
particular defect is flagrant is a question for the trier of fact
and is not to be disturbed unless clearly erroneous. The trial
court did not err in concluding that the alleged defect here was
not flagrant, since the Court of Appeals cannot say as a matter
of law that the defect was so palpably dangerous as to require a
contrary result.

Affirmed.

1. HIGHWAYS—SAFE CONDITION—FITNESS FOR TRAVEL—STATE'S LIA-
BILITY—NEGLIGENT DESIGN—FLAGRANT DEFECTS—STATUTES.

The state may be held liable for its failure to keep a highway
under its jurisdiction in a condition reasonably safe and fit for
travel; however, in the case of allegedly negligent design, the
defect must be shown to be a flagrant defect (MCL 691.1402;
MSA 3.996[102]).

2. HIGHWAYS—FLAGRANT DEFECTS—SAFE CONDITION—TRIER OF FACT
—APPEAL AND ERROR—CLEAR ERROR—STATUTES—COURT RULES.

The question of whether a particular defect in a highway is a

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 39 Am Jur 2d, Highways, Streets, and Bridges §§ 337 *et seq.,*
353.

Liability of governmental entity or public official for personal
injury or damages arising out of vehicular accident due to negli-
gent or defective design of highway. 45 ALR3d 875.

flagrant defect, for purposes of establishing whether there has been a failure of the duty to keep such highway reasonably safe and fit for travel, is a question for the trier of fact and thus is not to be disturbed on appeal unless clearly erroneous (MCL 691.1402; MSA 3.996[102], GCR 1963, 517.1).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Myron A. Mc-Millan,* Assistant Attorney General, for defendant.

*Charfoos & Charfoos, P. C.* (by *Douglas J. Peters),* for plaintiff.

Before: DANHOF, C. J., and BRONSON and CYNAR, JJ.

PER CURIAM. Plaintiff was seriously injured when a car in which he was a passenger was involved in a multi-car accident on September 11, 1974, on the Edsel Ford Freeway in Detroit. The vehicle in which plaintiff was riding was proceeding east in the left lane of the freeway at a speed somewhat in excess of the posted speed limit. When the traffic ahead slowed suddenly the driver swerved the car to the left. The car struck the curb, vaulted the median and collided with westbound traffic.

Plaintiff brought this action in the Court of Claims, alleging that the median guardrail was negligently designed, since it should have been high enough to prevent the vaulting that occurred. Plaintiff now appeals as of right the judgment of no cause of action entered in defendant's behalf.

It is true that in certain situations the state may be liable for its failure to keep a highway under its jurisdiction in a condition "reasonably safe and fit for travel". MCL 691.1402; MSA 3.996(102). However, in the case of allegedly negligent *design,* the

defect must be shown to be "flagrant". *Fraley v City of Flint,* 54 Mich App 570, 574; 221 NW2d 394 (1974), *Mullins v Wayne County,* 16 Mich App 365, 380; 168 NW2d 246 (1969), and *Schrader v Port Huron,* 106 Mich 173, 175; 63 NW 964 (1895). See also 45 ALR3d 875, 888–889. The question of whether a particular defect is "flagrant" is a question for the trier of fact, *Mullins, supra,* at 380, and thus is not to be disturbed unless "clearly erroneous". GCR 1963, 517.1.

We find no error in the trial judge's conclusion that the alleged defect here was not flagrant. The undisputed evidence established that the curb rose 10 inches from the roadway and that a street guardrail rose an additional 20 inches above the curb. Although a taller barrier might have prevented this accident, we cannot say that, as a matter of law, this defect was so palpably dangerous, so as to require a contrary result in this action.

Affirmed. No costs, a public question being involved.