ARNOLD v DEPARTMENT OF STATE HIGHWAYS

Docket No. 61656. Decided May 1, 1979. On application by the plaintiff for leave to appeal the Supreme Court, in lieu of granting leave to appeal, reversed the judgment of the Court of Appeals and remanded to the Court of Claims for reconsideration on the record.

Carliss Arnold brought an action for damages against the Department of State Highways, alleging that the department had negligently designed, constructed, and maintained a guardrail on the Edsel Ford Freeway in Detroit, resulting in the plaintiff's car being catapulted over the median and into oncoming traffic when he swerved to avoid another car. The Court of Claims, Van Valkenburg, J., granted judgment for the defendant on the ground that the defect was not shown to be "flagrant". The Court of Appeals, Danhof, C.J., and Bronson and Cynar, JJ., affirmed per curiam (Docket No. 30881). Plaintiff applies for leave to appeal. *Held:*

It is the duty of the Department of State Highways to keep the highway in a condition *reasonably* safe and fit for travel. The Court will not read into the governmental tort liability act a requirement that before there be any recovery for a defect in highway design or construction the plaintiff must show that the defect complained of was "flagrant" or "palpably dangerous". It is enough if the plaintiff establishes that the defect made the highway not reasonably safe and fit for travel.

Reversed, and the case is remanded to the Court of Claims for reconsideration.

84 Mich App 380; 269 NW2d 495 (1978) reversed.

*Charfoos & Charfoos, P.C.* (by *J. Douglas Peters),* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Louis J. Caruso* and *Myron A. McMillan,* Assistants Attorney General, for defendant.

PER CURIAM. The question for decision is what the appropriate legal standard is for measuring whether a governmental agency kept a highway in a condition reasonably safe and fit for travel.

I

On September 11, 1974, the plaintiff was injured when the automobile in which he was a passenger was involved in a multi-car accident on the Edsel Ford Freeway in Detroit. The vehicle in which the plaintiff was riding was proceeding east in the left lane of the freeway when the flow of traffic was suddenly interrupted. The driver of the automobile swerved to the left to avoid hitting an automobile directly in front of him. In doing so he struck the 10-inch high median curb which effectively catapulted the vehicle over the 20-inch guardrail and into the path of westbound traffic.

On February 18, 1975, the plaintiff filed suit against the Department of State Highways and Transportation; he claimed that the department had negligently designed, constructed and maintained the guardrail in question.

At trial, the plaintiff produced an expert witness who testified that the guardrail should have been four inches higher than it actually was. The expert further opined that when the front end of a motor vehicle comes in contact with a curb such as was installed about four feet in front of the guardrail, the possibility of being catapulted over the guardrail would be greatly enhanced.

The trial judge, as part of his analysis of whether the plaintiff should be entitled to recover, cited the following statement from *Fraley v Flint,* 54 Mich App 570, 574; 221 NW2d 394 (1974):

"A municipality is liable for *flagrant* defects in the design of its highways." (Emphasis by the trial judge.)

The trial judge then concluded:

"The 20-inch steel band here was firmly bolted to wooden posts. Certainly, even though four inches short, it would withstand any reasonable contact from a passing motor vehicle. In fact, evidence offered by the defendant indicated that during a period of six months that there had been 212 accidents involving guardrails. Therefore, in the case at bar, it could not be classified as 'palpably dangerous,' or as a 'flagrant' defect."

The trial judge denied the plaintiff any recovery.

The Court of Appeals concluded that, in the case of allegedly negligent design, the defect in question must be shown to be "flagrant", and it affirmed. 84 Mich App 380; 269 NW2d 495 (1978).

## II

MCL 691.1402; MSA 3.996(102) provides in relevant part:

"Each governmental agency having jurisdiction over any highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. Any person sustaining bodily injury or damage to his property by reason of failure of any governmental agency to keep any highway under its jurisdiction in reasonable repair, and in condition reasonably safe and fit for travel, may recover the damages suffered by him from such governmental agency."

In *Carver v Detroit & Saline Plank Road Co,* 61 Mich 584; 28 NW 721 (1886), in interpreting a predecessor of the above-quoted statute, we indicated that defects in the construction of highways came within the bounds of the statute. The defen-

dant does not argue that it has no liability for defects in design or construction. Its position is simply that the trial judge and the Court of Appeals were correct in concluding that the defect, if any, proven by the plaintiff must be shown to have been "flagrant" or "palpably dangerous".

In *Peters v Dep't of State Highways,* 400 Mich 50; 252 NW2d 799 (1977), we examined a case in which the claim, brought by the estate of a deceased driver and an injured person, was that the state had failed to design, construct or maintain a highway in a proper manner, thus creating a dangerous condition which was the proximate cause of the plaintiff's injuries. In addressing the question of whether the trial court had erred in that case in concluding that there was no evidence from which it could properly find that the defendant knew of the condition or in the exercise of reasonable diligence should have known of it, we stated:

"Initially it should be made clear that the duty of the defendant is to keep the highway in a condition *reasonably* safe and fit for travel." 400 Mich 50, 58. (Emphasis added.)

We did not then and will not now read into the statute a requirement that before there can be any recovery, the plaintiff must show that the defect in design or construction complained of was "flagrant" or "palpably dangerous". It is enough if the plaintiff establishes, *inter alia,* that the defect rendered the highway not reasonably safe and fit for travel.

Accordingly, we find that the trial judge and the Court of Appeals erred in requiring that the plaintiff establish that the defect was "flagrant" or

"palpably dangerous". Pursuant to GCR 1963, 853.2(4), in lieu of granting leave to appeal, we reverse the judgments of the Court of Appeals and of the Court of Claims and remand the case to the Court of Claims for reconsideration on the record in light of this opinion.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.