PONTIAC SCHOOL DISTRICT v BLOOMFIELD TOWNSHIP

Docket No. 66388. Argued March 10, 1983 (Calendar No. 17).—Decided October 26, 1983.

The Pontiac School District brought an action in the Oakland Circuit Court against Bloomfield Township, seeking a judgment declaring that the township had the duty, under the Vehicle Code, to provide school crossing guards at a certain crossing within its jurisdiction, and sought a writ of mandamus to compel compliance. The court, Richard D. Kuhn, J., granted the district's motion for summary judgment on the ground that the township had failed to state a valid defense and, Farrell E. Roberts, J., ordered the township to provide crossing guards. The Court of Appeals, J. H. Gillis, P.J., and V. J. Brennan and A. C. Miller, JJ., reversed in an unpublished opinion per curiam, finding that there was a material issue of fact precluding determination as a matter of law whether the township was obligated to provide crossing guards, but, instead of remanding the case for trial, decided that the Oakland County Sheriff was obligated to provide the guards (Docket No. 47154). The school district appeals.

In an opinion by Justice Ryan, joined by Chief Justice Williams and Justices Kavanagh, Brickley, and Cavanagh, the Supreme Court *held:*

The summary judgment by the trial court and the determination by the Court of Appeals that the Oakland County Sheriff was obligated to provide guards for the crossing were improper because a material allegation was categorically denied.

A motion for summary judgment is tested solely by reference to the pleadings, and, when a material allegation is categori-

REFERENCES FOR POINTS IN HEADNOTES
[1] 57 Am Jur 2d, Municipal, School, and State Tort Liability §§ 125, 126.
Liability for collision of automobile with pedestrian at intersection as affected by reliance upon or disregard of traffic sign or signal other than stop-and-go signal. 3 ALR3d 557.
[2] 61A Am Jur 2d, Pleadings § 230 *et seq.*
[3] 5 Am Jur 2d, Appeal and Error §§ 853, 876-879.
[4] 73 Am Jur 2d, Statutes §§ 145, 146.

cally denied, summary judgment is improper. In this case, the question whether the township police department or some other police agency has "immediate jurisdiction" over the school crossing in question, which determines which agency is obligated to provide the guards, is a factual issue which cannot be resolved by the pleadings. It is not a matter of which a trial or an appellate court may take judicial notice and determine as a matter of law. The case must be remanded for further proceedings.

Justice Levin, joined by Justice Kavanagh, concurring, wrote separately to note that there is a substantial question whether the Legislature intended to impose the responsibility of providing and paying the compensation of school crossing guards on local law enforcement agencies or only the responsibility of selecting, supervising, or training the guards, and that the opinion of the majority should not be read as implicitly approving the construction of 1978 PA 227 by the Court of Appeals that the Legislature intended to impose the financial obligation to pay compensation on the local law enforcement agency.

Affirmed in part, and reversed in part.

OPINION OF THE COURT

1. AUTOMOBILES — SCHOOL CROSSING GUARDS — JURISDICTION.

School crossing guards must be provided by the local law enforcement agency having immediate jurisdiction of the crossing (MCL 257.613c[1]; MSA 9.2313[3][1]).

2. JUDGMENTS — SUMMARY JUDGMENT — SCHOOL CROSSING GUARDS.

Summary judgment was improper in an action by a school district to compel a township to provide school crossing guards where the factual issue regarding which law enforcement agency had immediate jurisdiction of the crossing was not resolved by the pleadings (MCL 257.613c[1]; MSA 9.2313[3][1]; GCR 1963, 117.2[2]).

3. APPEAL — SUMMARY JUDGMENT — QUESTIONS OF FACT.

Reversal of a summary judgment in a case where a factual dispute remained unresolved was proper, but the raising and resolution by the appellate court of an issue not explicitly raised as a question on appeal which depended on the resolution of the same factual dispute, effectively granting a judgment as a matter of law, was legally impermissible (GCR 1963, 117.2[2]).

CONCURRING OPINION BY LEVIN, J.

4. AUTOMOBILES — SCHOOL CROSSING GUARDS — JURISDICTION.

*Remand by the Supreme Court for trial of a case which raised the question whether the Legislature intended to impose the responsibility of providing and paying the compensation of school crossing guards on local law enforcement agencies or only the responsibility of selecting, supervising, or training the guards should not be regarded as implicit approval of the construction by a lower court that the Legislature intended to impose a legal duty to pay compensation on the local agency (MCL 257.57a et seq.; MSA 9.1857[1] et seq.).*

*Clark, Hardy, Lewis, Pollard & Page, P.C.* (by *Dennis R. Pollard),* for the plaintiff.

*Dillon & Ryan* (by *Thomas J. Ryan)* for the defendant.

RYAN, J. The ultimate question in this case is whether the appellee Bloomfield Township is required to provide school crossing guards at an intersection located near one of the appellant's schools in Bloomfield Township, Oakland County. The school district claims that the duty is imposed upon the township by statute, and the township claims that the duty belongs to the Oakland County Sheriff.

For about 20 years prior to 1978, the Pontiac School District provided crossing guards for selected school crossings in the district. It selected, trained, supervised, and paid the guards. In June of 1978, the Legislature enacted 1978 PA 227,[1] amending the Michigan Vehicle Code. The new law authorized the establishment of school crossings, mandated the appointment of crossing guards, prescribed the guards' uniform and equipment, authorized the guards to stop traffic, and made disobedience of a guard's proper stop signal a misdemeanor. In addition, subsection (1) of § 613c of the amendment provided that the local

---

[1] MCL 257.613a-257.613d; MSA 9.2313(1)-9.2313(4).

law enforcement agency having jurisdiction of the crossing is responsible for providing the crossing guards.

Section 613c(1) provides:

"School crossing guards shall be the responsibility of the local law enforcement agency having immediate jurisdiction of the crossing."

Appellant school district's position is that Bloomfield Township, and specifically its police department, is the "local law enforcement agency having immediate jurisdiction of the crossing" in question. The district has requested the township officials to provide a crossing guard, and the township has refused, claiming that posting crossing guards is the responsibility of Oakland County, since the crossing in question is at the intersection of two county roads and the crossing was "established" by the county road commission under the provisions of § 613a(1).[2]

In November of 1978, upon the township's refusal to provide the requested crossing guards, the school district filed an action in the Sixth Judicial Circuit Court (Oakland Circuit) seeking a declaratory judgment that it is the township's duty to provide the crossing guard and praying for a writ of mandamus to compel compliance. The township answered, denying that its police department was "the local law enforcement agency having immediate jurisdiction of the crossing". Appellant countered with a motion for summary judgment. The circuit court granted the appellant's motion on the

---

[2] While the appellant's complaint does not allege the specific location of the crossing in question, it appears to be undisputed that the crossing is over Orchard Lake Road at the intersection of Ward Road and that Orchard Lake Road is a county road in Bloomfield Township, Oakland County.

ground that the township failed to state a valid defense to the appellant's claim. GCR 1963, 117.2(2). The trial court held that Bloomfield Township is the local law enforcement agency having immediate jurisdiction of the crossing and, after later considering additional proofs that the crossing had been established according to the terms of the statute, issued a writ of mandamus to compel the township to provide the crossing guards.

On appeal, the Court of Appeals, in an unpublished opinion, reversed the circuit court's order granting summary judgment, declaring that:

"[The] defendant's answer alleged that the township was not the local law enforcement agency with immediate jurisdiction over the crossing as that term is used in the statute",

and that

"[w]here a review of the record reveals that material issues of fact exist, summary judgment should not be granted."

Instead of remanding the case to the trial court for trial, however, the appellate court, having found that there existed a "material issue of fact" which precluded determining as a matter of law whether the defendant was obligated to provide the crossing guards, inexplicably decided, as a matter of law, that the Oakland County Sheriff was obligated to do so.

The court stated:

"The trial court and the plaintiff have seemingly assumed that, under the school crossing statute, the entity which establishes the crossing, and the entity

financially responsible for manning it with crossing guards, need not be one and the same. Thus, as in this case, the county may establish the crossing while the township is obligated to provide crossing guards therefor."

Such an interpretation, the court said, "would render the statute nonsensical". The correct interpretation of the statute, the court held, is that the entity which establishes the crossing, in this case the county, is responsible to provide the guards, and since Bloomfield Township did not establish the crossing it cannot be required to provide guards. Acknowledging that it was raising and deciding a question which was "not explicitly raised as a question on appeal", the court declared:

"Because the question is crucial to this case, in the interests of justice we raise and resolve it before remand."

Having thereby effectively granted the appellee a judgment as a matter of law, the appellate court ordered the cause remanded to the trial court for entry of an order of dismissal.

We think the Court of Appeals was correct in reversing the trial court's entry of summary judgment for appellant, and erred in failing to remand the case for trial.

The case has never been tried. Within three weeks after the appellee filed its answer to the complaint, the appellant filed a motion for summary judgment on the specific ground that:

"The defendant has failed to state a valid defense to the claim asserted against it and plaintiff is entitled to a summary judgment in its favor under GCR 117.2(2)."

GCR 1963, 117.2(2) states:

"Grounds. The motion for summary judgment shall state that the moving party is entitled to judgment in his favor because of any 1 of the following grounds:

* * *

"(2) the opposing party has failed to state a valid defense to the claim asserted against him".

The essence of the appellant's claim is alleged in paragraph 4 of its complaint:

"Bloomfield Township through its police department is the local law enforcement agency having immediate jurisdiction of school crossings in Bloomfield Township".

to which appellee answered,

"(4) Answering paragraph 4, defendant denies that its police department is the local law enforcement agency having immediate jurisdiction of school crossings in Bloomfield Township for the reason that the said allegations are untrue."

A motion for summary judgment based upon GCR 117.2(2) is tested solely by reference to the pleadings, *Durant v Stahlin,* 375 Mich 628; 135 NW2d 392 (1965), and, when, as here, a material allegation of the complaint is categorically denied, summary judgment under 117.2(2) is improper. Here the appellant alleged, and the appellee denied, that the Bloomfield Township Police Department is the local law enforcement agency with immediate jurisdiction over the school crossing in question. While the meaning of the concepts "immediate jurisdiction" and "law enforcement agency", as employed in § 613c of the statute, may be issues of law in the abstract, they are but

aspects of a factual dispute in the context of the pleadings of the parties in this case. Whether the Bloomfield Township Police Department, or some other agency such as the Michigan State Police or the Oakland County Sheriff, is the law enforcement agency which has "immediate jurisdiction" over the school crossings in question is a factual issue squarely framed by the appellee's general denial in paragraph 4 of its answers. It is not a matter concerning which this Court may take judicial notice. MCL 41.181; MSA 5.45(1), for example, provides that a township is free to contract with the county sheriff to provide enforcement of local ordinances and state laws.[3] We do not know whether it has done so. We also do not know whether, *as a matter of fact,* the Bloomfield Township Police Department, if it has not contracted out its traffic enforcement duties, has the requisite manpower to enforce state laws under MCL

[3] "(1) The township board of a township may, at a regular or special meeting by a majority of the members elect of the township board, adopt ordinances regulating the public health, safety, and general welfare of persons and property, fire protection, the licensing or use of bicycles, traffic and parking of vehicles, sidewalk maintenance and repairs, the licensing of business establishments, the licensing and regulating of hawkers, vendors, peddlers, solicitors, pawnbrokers, circuses, carnivals, and public amusements, and provide penalties for the violation of the regulations, and shall enforce the same and may for that purpose employ and establish a police department with full power to enforce local township ordinances and state laws, *and in the event state laws are to be enforced, a township shall have a law enforcement unit composed of not less than 1 full-time person, the members of which shall have not less than 2 weeks prior police work experience or its equivalent* as approved by the township board *or may by resolution appropriate funds and call upon the sheriff of the county in which the township is located to provide special police protection for the township.* The sheriff shall, when called upon, provide special police protection for the township and enforce all local township ordinances, to the extent that township funds are appropriated for the enforcement. Special township deputies appointed by the sheriff shall be under the jurisdiction of and solely responsible to the sheriff. Ordinances regulating traffic and parking of vehicles and bicycles shall not be in contravention of Act No. 300 of the Public Acts of 1949, as amended, being sections 257.1 to 257.923 of the Michigan Compiled Laws." (Emphasis added.)

41.181; MSA 5.45(1). While it is highly probable that those matters are not genuinely in dispute and could be resolved upon the filing of affidavits, we cannot know that from the record before us. From the pleadings alone, and from the facts alleged in paragraph 4 of the appellant's complaint and denied in corresponding paragraph 4 of the appellee's answer, it is impossible to determine, as a matter of law, what "law enforcement agency [has] immediate jurisdiction of the crossing" in question, and it is legally impermissible to do so. *Durant, supra.*[4]

While, like the trial court and the Court of Appeals, we would prefer to reach the substantive question of public importance which divides the parties, the case is not in a posture to permit us to do so.[5] The cause is therefore ordered remanded to the trial court for further proceedings.

WILLIAMS, C.J., and KAVANAGH, BRICKLEY, and CAVANAGH, JJ., concurred with RYAN, J.

LEVIN, J. *(concurring).* We agree that the Court of Appeals ruled correctly in reversing the trial court's entry of summary judgment for the plaintiff and that it erred in failing to remand the cause for trial.

The issues presented center on the question whether the police department of the Township of Bloomfield was the local law enforcement agency

---

[4] Had the appellant brought its motion under GCR 1963, 117.3, supported by the necessary affidavit, it may well have foreclosed any "genuine issue as to any material fact" and left only a legal issue for trial court resolution. It did not choose that course, however.

[5] We specifically decline to express an opinion concerning the correctness of the Court of Appeals resolution of the substantive issue it addressed because, having correctly determined that there were factual issues for trial in the case as framed by the parties' pleadings, the issue decided by the Court of Appeals was not properly before it for decision.

having immediate jurisdiction of school crossings in Bloomfield Township. No issue has been presented whether 1978 PA 227, MCL 257.57a *et seq.;* MSA 9.1857(1) *et seq.,* was intended to impose on the local law enforcement agency the responsibility of providing and paying the compensation of school crossing guards as the Court of Appeals had ruled in *Pontiac Board of Education v City of Pontiac,* 100 Mich App 52; 299 NW2d 37 (1980).[1]

There is, in our opinion, a substantial question whether the Legislature intended to impose on the local law enforcement agency the responsibility of providing and paying the compensation of school crossing guards or only the responsibility of selecting, supervising, or training school crossing guards.[2]

We write separately because statements in the opinion of the Court may be read as implicit approval of the construction placed on Act 227 by the Court of Appeals.

---

[1] Application for leave to appeal denied 410 Mich 905 (1981). The denial of leave to appeal did not constitute an expression of agreement with the construction placed on the act by the Court of Appeals.

[2] A letter dated September 2, 1977, from John W. Porter, Superintendent of Public Instruction, relied on in the opinion of the Court of Appeals in *Pontiac Board of Education v City of Pontiac,* 100 Mich App 52, 55-56; 299 NW2d 37 (1980), contains ten numbered paragraphs; the statements adverted to in that opinion, in paragraphs numbered 4 and 8, are not joined or connected. An earlier letter, dated June 29, 1977, from the Department of Highways and Transportation used the term "responsibility"; it stated under the heading "Implications to local units of government" that "[t]he selection and training of school crossing guards would be the responsibility of local police agencies". The House legislative analysis, prepared after the amendment as of May 10, 1978, makes no reference to providing and paying the compensation of school crossing guards. The act does specify who decides "when" a school crossing guard is "assigned", MCL 257.613b; MSA 9.2313(2), and imposes this "responsibility" on a subdivision of government, the local law enforcement agency, which does not have taxing power.

Kavanagh, J., concurred with Levin, J.

Boyle, J., took no part in the decision of this case.