HELIGMAN v OTTO

Docket No. 87063. Submitted February 4, 1987, at Detroit. Decided
    July 21, 1987.

Richard Heligman brought an action in the 52nd District Court
    against Richard Otto, doing business as Riverland Equities,
    Dennis M. Hayes and Lawrence K. Koons after plaintiff failed
    to receive income from, or recover, a $9,600 investment in
    silver bullion made through defendants. Plaintiff alleged, inter
    alia, that Otto and Hayes had violated the Uniform Securities
    Act by failing to register as a broker-dealer and a securities
    agent, respectively, and that these defendants were therefore
    liable for certain losses plaintiff incurred in connection with his
    investment. Plaintiff's motion for summary judgment on the
    basis of defendants' failure to state a valid defense was granted
    by the district court. The Oakland Circuit Court, Alice L.
    Gilbert, J., affirmed on appeal. Defendants Otto and Hayes
    sought and were granted leave to appeal by the Court of
    Appeals.

    The Court of Appeals held:

    1. The grant of summary judgment on the basis argued by
    plaintiff was improper since defendants had categorically de-
    nied some of plaintiff's material allegations. However, because
    the district judge had referred to the depositions of defendants
    in making his ruling, it would appear that summary judgment
    was actually granted on the ground that no genuine issue of
    material fact existed and plaintiff was entitled to judgment as a
    matter of law. The Court of Appeals therefore reviewed the
    conclusions of law made below.

    2. In order for a person to be deemed a broker-dealer, i.e., a
    person engaged in the business of effecting transactions in
    securities or commodity contracts, he must have performed

REFERENCES

Am Jur 2d, Judgments §§ 964 et seq.

Am Jur 2d, Securities Regulation—State §§ 7, 10, 15-24.

Reviewability of order denying motion for summary judgment. 15
    ALR3d 899.

See also the annotations in the Index to Annotations under Uni-
    form Securities Act.

such transactions often enough to demonstrate that they are in fact a part of his business. The Legislature did not intend to impose the registration requirements applicable to broker-dealers upon individuals who, like Otto in this case, facilitate one commodity contract without making any profit thereon and without the intent to participate in such transactions in the future.

3. Since Otto is not a broker-dealer, his sales representative, Hayes, may not be deemed an agent of a broker-dealer under the Uniform Securities Act.

Vacated and remanded for entry of an order denying plaintiff's motion for summary judgment.

1. MOTIONS AND ORDERS — SUMMARY JUDGMENT — FAILURE TO STATE A VALID DEFENSE.

A plaintiff's motion for summary judgment on the basis that the defendant has failed to state a valid defense to the claim is tested solely by reference to the pleadings, and when a material allegation is categorically denied, summary judgment is improper.

2. SECURITIES REGULATION — BROKER-DEALERS — UNIFORM SECURITIES ACT.

A person who facilitates one commodity contract without making any profit thereon and without the intent of participating in such transactions in the future is not a person who must register as a broker-dealer under the Uniform Securities Act (MCL 451.801[C]; MSA 19.776[401][C]).

*Keywell & Rosenfeld* (by *Norman E. Greenfield*), for plaintiff.

*Temple & Cutler* (by *Michael A. Weisserman*), for defendants.

Before: WAHLS, P.J., and M. J. KELLY and C. W. SIMON,* JJ.

WAHLS, P.J. Defendants, Richard Otto, doing business as Riverland Equities, and Dennis M. Hayes, appeal by leave granted from a circuit court order affirming a district court's grant of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

summary judgment to plaintiff, Richard Heligman. The district court found that Otto and Hayes had failed to register under the Uniform Securities Act, MCL 451.501 *et seq.*; MSA 19.776(101) *et seq.*, as a securities broker-dealer and a securities agent, respectively, as required by MCL 451.601; MSA 19.776(201), and were therefore liable to plaintiff under MCL 451.810(a); MSA 19.776 (410)(a) for certain losses incurred in connection with a commodity contract.

In October or November, 1981, Otto, as president of Riverland Equities, entered into a "tentative sales agreement" with Lawrence K. Koons of the Silver Corporation of America. Under the agreement, Riverland Equities was to handle cash sales of silver bullion from Silver Corporation in return for a commission. In December, 1981, or January, 1982, Otto approached Hayes with the proposition of establishing a sales organization to facilitate sales, and in February, 1982, plaintiff, Richard Heligman, gave a $9,600 check to Hayes made payable to Riverland Equities for the purchase of 1,000 troy ounces of silver. Instead of taking possession of his purchase, plaintiff chose to leave the silver in the possession of the Silver Corporation. Plaintiff received a form document from Hayes entitled "Certificate of Deposit," which stated in typewritten language that the silver was on deposit at Central State Savings in account no. 203. The certificate reflected that the silver would be placed in a one-year investment program and would yield ten percent of the original investment in one year. The certificate bore the purported signature of the president of Silver Corporation, Lawrence K. Koons—an individual who was named as a defendant in this action but who, apparently, was never served. Plaintiff's check was deposited into Riverland Equities' bank account,

and a check for the full $9,600 was forwarded to Lawrence K. Koons.

In his deposition, Otto explained that because Riverland Equities had never participated in an arrangement under which purchased silver remained in the possession of Silver Corporation, and because Riverland Equities had no prior involvement in the issuance of, or the payment of interest on, certificates of deposit, he decided to simply forward the full $9,600 to Silver Corporation and not retain any amount of the purchase price as a commission. Hayes was paid $150 as a commission for the sale, however. After plaintiff failed to receive any interest payments and was unsuccessful in obtaining possession of the silver, he filed the instant action.

We note that plaintiff's motion in the district court was brought under DCR 117.2(2), now MCR 2.116(C)(9)—failure to state a valid defense. An examination of the pleadings reveals that summary judgment under that provision was improper because defendants categorically denied some of plaintiff's material allegations. *Pontiac Schools v Bloomfield Twp,* 417 Mich 579, 585; 339 NW2d 465 (1983). A perusal of the district judge's opinion and order suggests, however, that the motion was tested not merely by reference to the pleadings, as is proper for motions for failure to state a valid defense, but also by reference to the depositions of defendants. Thus, it appears that the ruling was actually based on DCR 117.2(3), now MCR 2.116(C)(10)—no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. In this case, since the material facts were not in dispute, we review the conclusions of law made below.

MCL 451.601(a); MSA 19.776(201)(a) provides:

A person shall not transact business in this state as a broker-dealer, commodity issuer, or agent unless registered under this act.

"Broker-dealer" is defined under MCL 451.801(c); MSA 19.776(401)(c):

[A]ny person engaged in the business of effecting transactions in securities or commodity contracts for the account of others or for his or her own account.

Commodity contract" is defined under MCL 451.801(o); MSA 19.776(401)(o):

Transactions dealing in, resulting in, or relating to contracts of purchase or sale of a commodity: for (1) delivery in the future at a specified time or a time to be determined or where delivery is not customarily made, including puts, calls, or any combinations thereof; (2) for present delivery where the value of the commodity is difficult to ascertain except by a person expert in the analysis of the commodity, and the commodity is offered for sale to the general public as an investment; (3) other options; (4) margin contracts; (5) or in general, any interest in an instrument commonly known as a commodity contract.

In the present case, it is clear that the transaction involving plaintiff and defendants constituted a commodity contract since it involved a transaction dealing in the sale of a commodity for delivery in the future. Precious metals are specifically included in the definition of "commodity." MCL 451.801(n); MSA 19.776(401)(n). Thus, the crucial issue becomes whether Otto was a broker-dealer and therefore subject to the registration requirements of the Uniform Securities Act.

Under the statutory definition, whether Otto

was a broker-dealer depends upon whether he was "engaged in the business of effecting transactions in securities or commodity contracts." In his deposition, Otto stated that under the "tentative sales agreement" between Riverland Equities and the Silver Corporation, Riverland Equities was to make outright cash sales of silver bullion, entitling it to keep a percentage of each sale as a commission. Otto planned to set up a sales organization, and Hayes, with whom he had previously participated in oil and gas exploration ventures, became a sales representative. Four or five cash sales of silver had been completed by Riverland Equities when plaintiff made his purchase in February, 1982. Otto testified that when Hayes gave him plaintiff's $9,600 check and informed him that the silver was to be held in escrow, he transferred the full $9,600 amount to the Silver Corporation on the same day "because we had nothing to do with escrow in any silver or paying any interest or any dividend or issuing of any certificate." The transaction with plaintiff, involving issuance of a certificate and a promise to pay interest, was a one-time occurrence, and Otto made no profit from it; in fact, he lost money since he apparently paid Hayes a $150 commission. Under these circumstances, we cannot conclude that Otto was "engaged in the business of effecting transactions in securities or commodity contracts."

In Moscow & Makens, Michigan Securities Regulations (1983), p 67, the authors write:

> A person can be "engaged in the business" even if the "business" is only a small part of his activities and the money he makes from it only a minor fraction of his income. If he performs the acts in question often enough to support the inference that they are part of his business, he will be

deemed to be "engaged in the business" within the definition.

*   *   *

There is no established test based on frequency of transactions or amount of commissions received for determining when a person is engaged in the business. Repeated transactions involving more than usual professional services create a risk that broker-dealer registration is necessary.

In addition, 69 Am Jur 2d, Securities Regulation—State, § 16, p 1076, provides:

[I]n general, a person must engage in the buying and selling of securities as a business, either as principal or agent, in order to be deemed a broker or dealer under blue sky laws, and so the question of whether or not he receives compensation for so acting may have a significant bearing upon such person's status in this regard.

We agree that in order for a person to be engaged in the business of effecting transactions in securities or commodity contracts for purposes of being a broker-dealer under the Uniform Securities Act, he must have performed such transactions often enough to demonstrate that they are in fact a part of his or her business. We do not believe that the Legislature intended to impose the registration requirements applicable to broker-dealers upon individuals who, as did Otto in this case, facilitate a single commodity contract without making any profit thereon and apparently without the intent of participating in such transactions in the future. Until the transaction with plaintiff, all previous transactions handled by Riverland Equities concerning silver were not commodity contracts but outright sales for cash with present delivery, entitling Riverland Equities to a

commission. In light of these circumstances, the isolated commodity contract transaction in this case was insufficient to demonstrate that Otto was engaged in the business of effecting transactions in securities or commodity contracts; accordingly, he was not subject to the broker-dealer registration requirement.

We do not hold that a single transaction may never require a person to register as a broker-dealer. A purpose of the Uniform Securities Act, as stated in its preamble, is to "prohibit fraudulent practices" relating to "the issuance, offer, sale or purchase of securities and commodity contracts." Under different circumstances than those presented here, the purpose of prohibiting fraud might lead to the conclusion that a person is engaged in the business of effecting transactions in commodity contracts where only one such transaction has in fact been accomplished. Such a determination must involve a consideration of all the relevant facts on a case-by-case basis.

Having concluded that Otto was not a dealer-broker, it follows that Hayes was not an agent under the Uniform Securities Act. An agent is defined as

> [a]ny individual other than a broker-dealer who represents a broker-dealer or issuer in effecting or attempting to effect purchases or sales of securities or commodity contracts. [MCL 451.801(b); MSA 19.776(401)(b).]

Since Hayes did not represent a broker-dealer and did not represent the issuer, Lawrence K. Koons, he was not an agent, and was therefore not required to register as one.

The orders below are vacated and the case is remanded for entry of an order denying plaintiff's motion for summary judgment. We do not retain jurisdiction.