ENCI v JACKSON

Docket No. 95317. Submitted January 20, 1988, at Detroit. Decided May 12, 1988.

Delores Enci secured a second mortgage on her home in the amount of $21,500. She executed a promissory note for that amount payable in monthly installments of $238.69. Enci received $18,000 after a $3,305 brokerage fee was deducted from the mortgage proceeds. She made approximately eighty-four payments on the note, totalling $20,049.96, and then refused to make any more payments. Angela Jackson, the holder of the note, instituted statutory foreclosure proceedings, and a sheriff's sale was scheduled for July 17, 1985. On July 12, 1985, Enci filed a complaint against Jackson in Wayne Circuit Court seeking a temporary restraining order, a preliminary injunction, and an order to show cause why the mortgage and note should not be discharged as paid in full because the loan violated Michigan's usury prohibition. A temporary restraining order was issued restraining the sheriff's sale. At a hearing on November 8, 1985, the restraining order was continued pending resolution of the usury question and an order was entered requiring Enci to depose Jackson as to her status as a good faith purchaser of the note. Enci subsequently scheduled depositions of Jackson three separate times and each time Jackson failed to appear and failed to produce any of the documents requested by Enci. Enci moved for sanctions against Jackson for failure to cooperate in discovery and failure to comply with the court's November 8, 1985, discovery order. She also moved for summary disposition on the ground that Jackson had failed to state a valid defense and that there was no genuine issue of material fact. The court, Sharon Tevis Finch, J., ordered the

REFERENCES

Am Jur 2d, Constitutional Law §§ 804 et seq.

Am Jur 2d, Depositions and Discovery §§ 361 et seq., 373 et seq.

Am Jur 2d, Summary Judgment §§ 26 et seq.

Judgment in favor of plaintiff in state court action for defendant's failure to obey request or order to answer interrogatories or other discovery questions. 30 ALR4th 9.

Reviewability of order denying motion for summary judgment. 15 ALR3d 899.

striking of Jackson's answer and affirmative defenses and granted the motions. Jackson appealed.

The Court of Appeals *held:*

1. The trial court did not abuse its discretion when it ordered the striking of Jackson's answers and affirmative defenses. The sanction was appropriate given defendant's flagrant disregard for the discovery process and for orders of the trial court.

2. The trial court properly granted summary disposition in favor of Enci. The striking of Jackson's responsive pleading as a sanction was proper and, without the responsive pleading, it cannot be said that Jackson categorically denied the material allegations of the complaint. Thus, Jackson did not state a valid defense.

3. The granting of Enci's motions did not infringe upon Jackson's due process rights. She was provided with numerous opportunities to be heard in a meaningful manner.

4. Jackson's argument that the trial court's award of costs and attorney fees in the amount of $2,771 was excessive is without merit.

Affirmed.

1. PRETRIAL PROCEDURE — DEPOSITIONS — SANCTIONS.

A court may order such sanctions as are just against a party who, after being served with proper notice, fails to appear before the person who is to take his deposition (MCR 2.313).

2. PRETRIAL PROCEDURE — DISCOVERY — SANCTIONS — APPEAL.

The Court of Appeals will not reverse, absent an abuse of discretion, a trial court's imposition of sanctions for failure to comply with discovery orders.

3. MOTIONS AND ORDERS — SUMMARY DISPOSITION — FAILURE TO STATE A VALID DEFENSE.

A motion for summary disposition based upon a failure to state a valid defense is tested solely by reference to the pleadings, and summary disposition is proper where the responsive pleading fails to categorically deny a material allegation of the complaint.

4. CONSTITUTIONAL LAW — DUE PROCESS.

The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner (US Const, Am XIV; Const 1963, art 1, § 17).

*Randall M. Wokas,* for plaintiff.

*William B. Cope,* for defendant.

Before: Holbrook, Jr., P.J., and Hood and N. J. Kaufman,* JJ.

Per Curiam. Defendant appeals from the trial court's order granting plaintiff's motions for sanctions for failure to comply with a discovery order, for summary disposition, and for costs and attorney fees. We affirm.

On May 31, 1977, plaintiff secured a second mortgage on her Westland home in the amount of $21,500. She executed a promissory note for said amount payable to Roland A. Benge & Company in monthly installments of $238.69. A $3,305 "brokerage fee" was deducted from the mortgage proceeds which, after closing costs, left plaintiff with $18,000.

Sometime thereafter the note was assigned to defendant.

Plaintiff made approximately eighty-four payments on the note totaling $20,049.96. She then refused to make any additional payments. Consequently, on June 1, 1985, defendant instituted statutory foreclosure proceedings. A sheriff's sale was scheduled for July 17, 1985.

On July 12, 1985, plaintiff filed a complaint in the Wayne Circuit Court seeking a temporary restraining order, a preliminary injunction, and an order to show cause why the mortgage and note should not be discharged as paid in full because the loan violated Michigan's usury prohibition. That same day, a temporary restraining order was issued restraining the sale.

At a hearing held on November 8, 1985, plaintiff requested that the restraining order be continued pending resolution of the usury question. This request was granted. At the same hearing, defen-

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

dant raised the defense of "good faith purchaser" and requested that the court enter an order requiring plaintiff to depose defendant as regards her status as a good faith purchaser of the note. The order was entered. Thereafter, defendant repeatedly failed to appear at depositions scheduled by plaintiff. Defendant also repeatedly failed to produce any of the documents requested by plaintiff.

On July 16, 1986, plaintiff moved for sanctions against defendant for failure to cooperate in discovery and for failure to comply with the November 8, 1985, discovery order. Plaintiff also moved for summary disposition pursuant to MCR 2.116(C)(9), failure to state a valid defense, and MCR 2.116(C)(10), no genuine issue of material fact.

Defendant filed her response to plaintiff's motions on August 29, 1986. In her response, she did not attempt to explain her failure to appear at deposition.

The trial court subsequently granted plaintiff's motions.

The first question presented to this Court is whether the trial court abused its discretion in striking defendant's answer and affirmative defenses as a sanction for defendant's repeated failure to attend her depositions, in violation of the trial court's discovery order. MCR 2.313(D)(1)(a) provides that if a party fails to appear before the person who is to take his deposition, after being served with proper notice, then the trial court may order such sanctions as are "just," including those sanctions authorized by MCR 2.313(B)(2)(a), (b), and (c). MCR 2.313(B)(2)(c) provides that a trial court may sanction a party by entering an order striking the offending party's pleadings. Imposition of a sanction is a matter within the sound discre-

tion of the trial court. Absent an abuse of discretion, this Court will not reverse. *Kurczewski v State Highway Comm,* 112 Mich App 544, 549-550; 316 NW2d 484 (1982), lv den 414 Mich 957 (1982).

Initially, plaintiff scheduled defendant's deposition for October 16, 1985. Despite receiving notice of the deposition, defendant failed to appear. No explanations were given. Thereafter, at the hearing on plaintiff's request to continue the restraining order, defendant's own counsel requested and received an order requiring defendant to submit to deposition. Following the entry of this order, plaintiff scheduled the taking of defendant's deposition for December 12, 1985, and sent defendant notice of the scheduled deposition. Once again defendant failed to appear. Defendant's deposition was then rescheduled for March 22, 1986. Again, despite receiving notice of the deposition and without supplying an explanation, defendant failed to appear.

At the hearing on plaintiff's motion for sanctions, defense counsel indicated that his client was out of the jurisdiction during the eleven months in which plaintiff attempted to depose her. When pressed, however, defense counsel was unable to explain where defendant had been or why she was unable to return to the jurisdiction. He then admitted that he did not know where defendant was.

On these facts, we conclude that the trial court did not abuse its discretion when it ordered the striking of defendant's answer and affirmative defenses. The sanction was appropriate given defendant's flagrant disregard for the discovery process and for orders of the trial court.

The second question presented to this Court is whether the trial court erred in granting summary disposition to plaintiff. A motion for summary disposition based upon a failure to state a valid defense is tested solely by reference to the plead-

ings. Summary disposition is proper where the responsive pleading fails to categorically deny a material allegation of the complaint. *Pontiac School Dist v Bloomfield Twp,* 417 Mich 579, 585; 339 NW2d 465 (1983).

In the instant case, the trial court correctly struck plaintiff's responsive pleading as a sanction for failing to attend her deposition and for failing to comply with the discovery order. Absent the responsive pleading, it cannot be said that defendant categorically denied the material allegations of the complaint. Accordingly, we conclude that defendant did not state a valid defense. Summary disposition was proper.

The third question presented by defendant is whether the trial court's granting of plaintiff's motions infringed upon defendant's due process rights. The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. *Blue Cross & Blue Shield of Michigan v Comm'r of Ins,* 155 Mich App 723, 732; 400 NW2d 638 (1986).

Defendant argues that the trial court's actions denied her a meaningful opportunity to be heard. We disagree. During the almost fourteen months that elapsed between the filing of plaintiff's complaint and the entry of the order for summary disposition, defendant was provided with numerous opportunities to be heard in a meaningful manner. She wilfully and repeatedly refused to avail herself of those opportunities. Accordingly, we find no violation of defendant's due process rights.

The final question presented is whether the trial court's award of costs and attorney fees in the amount of $2,771 was excessive. Based upon our review of the evidence introduced at the motion

hearing, we find that the award was reasonable. Defendant's argument is without merit.

Affirmed.