PORTER v UNITED SHIRT DISTRIBUTORS, INC

Docket No. 104211. Submitted December 21, 1988, at Detroit. Decided March 21, 1989. Leave to appeal applied for.

Barbara Jean Porter filed a complaint prepared by Attorney Mark M. Bello in Wayne Circuit Court against United Shirt Distributors, Inc., alleging negligence in connection with Porter's slip and fall accident in front of a United Shirt store. Plaintiff filed an amended complaint to name Sears, Roebuck and Company as an additional defendant based on what later proved to be an erroneous belief that Sears was the owner of the mall where the accident occurred. The trial court, Harry J. Dingeman, J., granted summary disposition in favor of Sears after it was established that Sears was not the mall's owner and that the accident did not occur at or near the Sears store at the mall. The trial court also granted Sears an award of costs and attorney fees as a sanction against plaintiff and her attorney, finding them to have violated MCR 2.114, which in part requires that a pleading be signed by the party or, if the party is represented by an attorney, the attorney and provides that such signature constitutes a certification that the pleading is well grounded in fact. Plaintiff and her attorney appealed.

The Court of Appeals *held:*

1. The trial court did not clearly err in finding that plaintiff and her attorney had failed to make a reasonable inquiry as to the facts as they related to Sears and that plaintiff and her attorney therefore violated MCR 2.114.

2. The trial court did not abuse its discretion in awarding costs and attorney fees to Sears.

Affirmed.

PLEADING — UNWARRANTED ALLEGATIONS — SANCTIONS — APPEAL.

A finding by a trial court that a party and the party's attorney have failed to make a reasonable inquiry to determine if their

REFERENCES

Am Jur 2d, Pleading § 26.

Construction and application of statute or rule subjecting party making untrue allegations or denials to payment of costs or attorneys' fees. 68 ALR3d 209.

pleading is well grounded in fact as required by court rule will not be disturbed on appeal unless such finding is clearly erroneous; sanctions, which can include the other party's reasonable costs and attorney fees, may be imposed on the party and the party's attorney by the trial court at its discretion, and such sanctions will be upheld on appeal absent an abuse of discretion (MCR 2.114).

*Sanford A. Rochkind,* for Barbara Jean Porter and Mark M. Bello.

*Dykema, Gossett* (by *Charles C. DeWitt, Jr.,* and *Lauren A. Rousseau*), for Sears, Roebuck & Company.

Before: MACKENZIE, P.J., and CYNAR and M. E. KOBZA,* JJ.

PER CURIAM. Plaintiff and her attorney, Mark M. Bello, appeal as of right from an order granting defendant Sears, Roebuck and Company's motion for an award of sanctions against them, jointly and severally, pursuant to MCR 2.114(E). Plaintiff and her attorney were ordered to pay $2,400 to defendant. We affirm.

In the complaint filed in this case against United Shirt Distributors, Inc., plaintiff alleged that she sustained an injury in a "slip-and-fall accident" in front of a United Shirt store. Later, plaintiff filed an amended complaint adding defendant Sears, alleging that Sears was the owner of the shopping center where United Shirt was located. Defendant Sears' answer to the complaint denied ownership of the shopping center.

Thereafter, defendant filed a motion for summary disposition pursuant to MCR 2.116(C)(10) and for an award of costs, including attorney fees, pursuant to MCR 2.114(E). Plaintiff did not oppose

* Circuit judge, sitting on the Court of Appeals by assignment.

Sears' motion at the time on either ground. The trial court granted defendant's motion for summary disposition and found that plaintiff's counsel had violated MCR 2.114(D)(2), but left the determination of an appropriate sanction to be made at a later hearing. Following a subsequent hearing, the trial court determined the appropriate sanction under MCR 2.114(E) to be an award of $2,400 as reasonable expenses and attorney fees against plaintiff and her attorney for defendant Sears' unnecessarily incurred costs in this matter.

Plaintiff and her attorney argue that they did not violate MCR 2.114(D) and that the instant sanctions were not appropriate pursuant to MCR 2.114(E). We disagree.

The trial court found that plaintiff and her attorney had violated MCR 2.114(D)(2) because they failed to make a reasonable inquiry which would have shown that defendant Sears was not the owner of the property where plaintiff fell and that Sears should not have been made a defendant in this case. The trial court also considered it significant that plaintiff's counsel would not stipulate to dismissal of Sears as a defendant when, after plaintiff's deposition, it was clear that Sears had absolutely no connection with plaintiff's injury. Thus, failing to stipulate resulted in needless litigation costs to defendant Sears.

At the hearing held for the purpose of determining an appropriate sanction, defendant requested the trial court to award $4,200 as reasonable expenses, including attorney fees, from the time that defendant answered plaintiff's first amended complaint. In the alternative, defendant requested attorney fees from the time of plaintiff's deposition when it was established that there was no liability on the part of Sears. That amount was determined to be $2,479.96. The trial judge, pursuant to MCR

2.114(E), ordered plaintiff and her attorney to pay $2,400 as reasonable expenses and attorney fees to defendant.

To impose a sanction under MCR 2.114(E), the trial court must first find that an attorney or party has signed a pleading in violation of MCR 2.114(A)-(D). The determination of whether an attorney or party has violated the "reasonable inquiry" standard of MCR 2.114(D)(2) depends largely on the facts and circumstances of the claim. *Lloyd v Avadenka,* 158 Mich App 623, 630; 405 NW2d 141 (1987), lv den 428 Mich 905 (1987).

The instant trial court made a finding of fact that plaintiff and her attorney failed to make a reasonable inquiry into the facts before amending the complaint to add Sears as a defendant. This Court reviews the findings of fact of a trial court to determine if the findings are clearly erroneous. MCR 2.613(C). A finding of fact is clearly erroneous when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been committed. *Tuttle v Dep't of State Highways,* 397 Mich 44, 46; 243 NW2d 244 (1976).

In this case, plaintiff added Sears as a defendant based on plaintiff's counsel's belief that Sears owned the shopping center where plaintiff fell. Plaintiff's counsel's belief that Sears owned the shopping center was based on a letter which he received from counsel for defendant United Shirt. The letter alleged, based upon a lease which was enclosed with the letter, that Sears owned the shopping center and was liable for injuries occurring in the "common areas." However, nowhere in the lease does it indicate that defendant Sears is the owner of the shopping center or that Sears is responsible for the common areas of the shopping center.

Plaintiff's deposition was taken after Sears was added as a defendant. The United Shirt store is located 129 feet east of Sears. Plaintiff admitted that she had absolutely no contact with Sears or any of its employees on the day she fell. She stated that she fell directly in front of the United Shirt store.

After plaintiff's deposition, counsel for Sears advised plaintiff's counsel by letter that Sears did not own, possess, or control the property where plaintiff fell and requested that plaintiff voluntarily dismiss Sears as a defendant in the action. Sears advised plaintiff's counsel that, if plaintiff did not agree to dismiss Sears as a defendant, Sears would file a motion for summary disposition and would seek costs and attorney fees. Plaintiff refused to stipulate to the dismissal of defendant Sears. Thereafter, defendant Sears filed its motion for summary disposition and requested sanctions under MCR 2.114(E).

Based upon our review of the record, we find that the trial court's finding of fact that plaintiff failed to make a "reasonable inquiry" as required by MCR 2.114(D)(2) was not clearly erroneous. MCR 2.114(D)(2) does not require an errorless pleading, but just a reasonable inquiry under the facts and circumstances. *Lloyd, supra.* In this case, plaintiff's counsel's reliance on a self-serving letter without making a reasonable inquiry to corroborate the allegations therein fell short of the reasonable inquiry standard. Had reasonable inquiry been made, it could have prevented the waste of time, effort, and expense on the part of defendant Sears and the trial court.

The trial court determined "an appropriate sanction" to be $2,400 as the amount of reasonable expenses, including attorney fees, from the time of

plaintiff's deposition to the hearing on the motion for summary disposition. The awarding of attorney fees is within the discretion of the trial judge and it will be upheld absent an abuse of discretion. *Wood v DAIIE,* 413 Mich 573, 588; 321 NW2d 653 (1982); *Superior Products Co v Merucci Bros, Inc,* 107 Mich App 153, 159; 309 NW2d 188 (1981), lv den 415 Mich 851 (1982). We find that the trial court's award of reasonable expenses, including attorney fees, was not an abuse of discretion under the facts and circumstances of this case.

Affirmed.