CONTEL SYSTEMS CORPORATION v GORES

Docket No. 114093. Submitted February 14, 1990, at Lansing. Decided May 8, 1990.

Contel Systems Corporation brought an action in Genesee Circuit Court alleging breach of contract or tortious conduct by Alec E. Gores, Ventech Systems, Inc., and Gores Enterprises. After discovery commenced, plaintiff filed an amended complaint to add Mai Basic Four, Inc., as a defendant. Plaintiff thereafter reached a settlement with Gores, Gores Enterprises and Ventech. Plaintiff moved for a dismissal of its action as to all defendants with prejudice but without costs to any party. Basic Four opposed the motion and requested sanctions on plaintiff pursuant to MCR 2.114. Plaintiff amended its motion to seek dismissal without prejudice as to Basic Four. The trial court, Robert M. Ransom, J., granted plaintiff's amended motion and denied Basic Four's request for sanctions. Basic Four appealed.

The Court of Appeals *held*:

1. A trial court, upon finding that a pleading was signed in violation of the requirements of MCR 2.114, shall impose an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including reasonable attorney fees. Such a finding will not be disturbed on appeal unless it is clearly erroneous. Here, the trial court did not clearly err in finding that plaintiff's complaint did not violate the court rule's requirements.

2. The trial court did not abuse its discretion in dismissing the claims against Basic Four without prejudice.

Affirmed.

1. Pleading — Court Rules — Signature on Pleading.

The signature of an attorney or party on a pleading constitutes a certification by the signer that (1) he has read the pleading, (2)

References

Am Jur 2d, Dismissal, Discontinuance, and Nonsuit §§ 14, 39, 40; Pleading § 339.

See the Index to Annotations under Dismissal, Discontinuance, and Nonsuit; Pleadings; Signatures.

to the best of his knowledge, information, and belief formed after reasonable inquiry, the pleading is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and (3) the pleading is not interposed for any improper purpose, such as to harass or to cause unnecessary or needless increase in the cost of litigation (MCR 2.114).

2. Pleading — Court Rules — Signature on Pleading — Sanctions — Appeal.

A trial court's finding that a pleading was signed in violation of the requirements of MCR 2.114 and the court's imposition of an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including reasonable attorney fees, will not be disturbed on appeal unless the finding is clearly erroneous (MCR 2.114, 2.613[C]).

3. Actions — Dismissal with Prejudice.

The decision whether to dismiss an action with prejudice rests within the sound discretion of the trial court.

*Ralls & Mackey, P.C.* (by *William Reid Ralls, James J. Urban* and *Bruce H. Edwards*), for Contel Systems Corporation.

*Jaffe, Snider, Raitt & Heuer* (by *Melanie La-Fave*), for Mai Basic Four, Inc.

Before: Michael J. Kelly, P.J., and Wahls and Sawyer, JJ.

Per Curiam. Defendant Mai Basic Four, Inc., appeals from an order of the circuit court granting plaintiff's amended motion to dismiss all claims and counterclaims involving plaintiff and the various defendants. We affirm.

This matter involves the business relationships between plaintiff and the various defendants. Plaintiff sells, installs and maintains computer hardware and software. In September, 1986, plaintiff acquired Executive Business Systems (EBS), then owned by defendant Alec E. Gores. Gores was

employed by plaintiff for a short period following the sale of the company. It was determined that Gores should leave plaintiff's employ and an agreement was executed between plaintiff and Gores which contained, inter alia, a covenant against competition. Specifically, the covenant provided that Gores would not solicit the employees or customers of EBS, acquired by plaintiff, for a period of sixteen months. The agreement did, however, allow Gores to enter into a contractual or employment relationship with a former customer or employee of EBS provided that Gores was not involved in their decision to terminate their relationship with Contel.

Following the separation from Contel, Gores formed defendant Ventech Systems, Inc. Ventech was located in an adjoining suite of the same building as plaintiff's offices, with the building being owned by defendant Gores Enterprises.[1] Another tenant in the same building is defendant Basic Four. While not owned by Gores, Basic Four apparently has an ongoing business relationship with one or more of defendants Gores, Gores Enterprises, and Ventech, including at least one joint venture.

Plaintiff claims that, within six months of the Contel-Gores separation and the formation of Ventech, plaintiff lost seven key employees via resignation to Ventech and Basic Four. The exodus of these employees and their immediate employment with competitors located in the same building precipitated plaintiff's three-count complaint against Gores, Gores Enterprises and Ventech. Basic Four was not included as a defendant in plaintiff's original complaint but, following discov-

---

[1] Apparently, when plaintiff purchased EBS, the sale was subject to a lease with defendant Gores Enterprises as lessor of the facilities occupied by EBS.

ery, plaintiff amended its complaint to add Basic Four as a defendant. The amended complaint essentially alleges that Basic Four solicited former Contel employees with Gores' assistance, resulting in Basic Four's employment of five key former Contel employees. Plaintiff also alleged that Basic Four recruited Contel employees to obtain trade secrets or other confidential information.

Plaintiff was thereafter able to reach a settlement with Gores, Gores Enterprises and Ventech and moved to dismiss its cause of action with prejudice but without costs to any party. Basic Four opposed dismissal without costs and requested sanctions pursuant to MCR 2.114. This prompted plaintiff to amend its motion to seek dismissal without prejudice as to Basic Four. The trial court granted this motion. The trial court further declined to award costs as a sanction under MCR 2.114 as requested by Basic Four.

On appeal, Basic Four first argues that the trial court erred in refusing to award sanctions against plaintiff in favor of Basic Four under MCR 2.114. We disagree.

The first inquiry is to determine the appropriate standard of review to be applied to a trial court's decision to impose or not to impose a sanction under MCR 2.114. Plaintiff suggests that the standard of review should be the abuse of discretion standard, which is applied to the imposition of sanctions for the failure to comply with discovery requests under MCR 2.313. See *Enci v Jackson,* 173 Mich App 30, 33-34; 433 NW2d 313 (1988). We disagree.

Unlike MCR 2.313, which states that the trial court "may" impose sanctions for a violation of the rule, the sanction rule in MCR 2.114 is mandatory. MCR 2.114 provides in pertinent part as follows:

(D) Effect of Signature. The signature of an attorney or party, whether or not the party is represented by an attorney, constitutes a certification by the signer that

(1) he or she has read the pleading;

(2) to the best of his or her knowledge, information, and belief formed after reasonable inquiry, the pleading is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law; and

(3) the pleading is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

(E) Sanctions for Violation. If a pleading is signed in violation of this rule, the court, on the motion of a party or on its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including reasonable attorney fees.

(F) Sanctions for Frivolous Claims and Defenses. In addition to sanctions under this rule, a party pleading a frivolous claim or defense is subject to costs as provided in MCR 2.625(A)(2).

Thus, the court "shall" impose a sanction if it finds that a violation of MCR 2.114 has occurred.[2]

Since the imposition of a sanction under MCR 2.114 is mandatory upon the finding that a plead-

---

[2] We do note that sanctions would also be available under MCR 2.625(A)(2) for pleading a frivolous claim. See MCR 2.114(F). It is not clear from defendant's brief whether sanctions are sought based upon the filing of a frivolous pleading under MCR 2.114(D) or for pleading a frivolous claim under MCR 2.625(A)(2) and MCR 2.114(F). Since defendant's brief does not refer to MCR 2.625, we assume that defendant only seeks a sanction under MCR 2.114. However, our conclusion would not differ if it were based upon MCR 2.625(A)(2) since that court rule, like MCR 2.114, states that the court "shall" impose costs where a party pleads a frivolous action or defense.

ing was signed in violation of the court rule, or a frivolous action or defense had been pled, there is no discretion for the trial court to exercise in determining if a sanction should be awarded. Rather, the relevant inquiry is whether the trial court erred in finding that the court rule had been violated and, therefore, that the imposition of a sanction was required. Since this involves a finding of fact by the trial court, that finding must be reviewed to determine if it is clearly erroneous. MCR 2.613(C). A finding of fact is clearly erroneous when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been committed. *Tuttle v Dep't of State Hwys,* 397 Mich 44; 243 NW2d 244 (1976). Our decision that the clearly erroneous standard is the appropriate standard to apply to this case is consistent with this Court's decision in *Porter v United Shirt Distributors, Inc,* 176 Mich App 145, 148; 438 NW2d 893 (1989).

Applying this to the case at bar, we are not left with a definite and firm conviction that the trial court made a mistake in determining that the pleadings were not signed in violation of the court rule. Specifically, we note that defendant Basic Four was not originally included as a party defendant to this action but was only added after some information had been garnered during discovery against the other defendants. Discovery yielded various documents which provided details of the business relationship between Basic Four, Gores Enterprises and Ventech. Further discovery yielded a solicitation flyer describing joint computer products in a joint venture between Basic Four and Ventech. Pursuant to these facts, the trial court found that plaintiff acted on a good-faith belief that there was tortious conduct on behalf of Basic Four giving rise to a cause of

action. With these facts in mind, we cannot conclude that the trial court clearly erred.

Next, defendant argues that the trial court erred in granting plaintiff's motion to dismiss the claims against Basic Four without prejudice. We disagree. The decision whether to dismiss a matter with prejudice is within the sound discretion of the trial court. See *North v Dep't of Mental Health,* 427 Mich 659, 661; 397 NW2d 793 (1986). We do not believe the trial court abused its discretion.

Affirmed. Plaintiff may tax costs.